A. A. WAINRIGHT, *et al., Appellants,* v. CONNECTICUT FIRE INSURANCE COMPANY, A CORPORATION, *Appellee.*

## Opinion Filed January 26, 1917.

1. Where a bill of interpleader is filed, the better practice is first to determine whether such bill will lie. If it will not, it is useless to go further. If it will, then upon bringing the property in dispute into court, the complainant is discharged from further liability, with his costs, and the court orders that the defendants interplead and litigate the matter in dispute between themselves, which in effect becomes a new and independent proceeding, as between a complainant and a defendant.

2. Where a bill of interpleader has been filed, if the issues between defendants are ripe for decision, the court may at a single hearing dispose of the whole controversy, including as well the issues between the complainant and defendants as the issues between defendants themselves, and make a final decree settling the rights of all parties at once; and where sufficient appears on the pleadings to enable the court to adjudge between defendants it will proceed at once. If, however, upon the discharge of the complainant the case is not ripe for hearing between the claimants, the court should order an action or an issue formed between defendants as to their respective rights to the fund, and may order a reference to a master to ascertain and settle their rights, and upon the trial of this issue a final decree as between defendants is rendered

3. Where the right of a complainant to file a bill of interpleader is not questioned but would seem to have been recognized and acquiesced in by the defendants, and the property in question is deposited in court, an order should have been made,

dismissing and discharging the complainant from all further liability, with its costs. Where the defendants then proceed to litigate the matters in dispute between themselves, it is not the proper practice for the losing defendant in appealing from the adverse decree to him to make the complainant appellee, since the complainant has no further interest in the litigation, but the losing defendant should make the winning defendant the appellee.

4. Where a bill of interpleader has been filed and the court has properly acquired jurisdiction of the cause as between the defendants, it is not bound to award the fund or other thing in dispute wholly to him who has the legal title, but may so shape its decree as to do complete equity between the parties.

5. In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and it is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist.

Appeal from Circuit Court, Bradford County; Jas. T. Wills, Judge.

Decree affirmed.

*A. S. Crews,* for Appellants;

*D. E. Knight* and *Cockrell & Cockrell,* for Appellee.

SHACKLEFORD, J.—On the 15th day of June, 1915, the Connecticut Fire Insurance Company, a corporation, filed its bill of interpleader against A. A. Wainright, G. W. Wainright, Struble Computing Scale Company, a corporation, Jacob Epstein, Nathan Epstein, Abraham I. Weinberg, A. Ray Katz and Sidney Lansberg, partners doing business as Baltimore Bargain House, and Lynchburg Shoe Company, a corporation. Very concisely

stated, the bill alleges that the complainant had issued a fire insurance policy to the defendant, A. A. Wainright, on certain property, which property had been damaged by fire, and that it had been ascertained and agreed by the complainant and such defendant that the loss for which the complainant was liable upon such policy was the sum of $603.88, which amount the complainant stood ready to pay to the party or parties legally entitled thereto; that actions at law had been instituted against the defendant, A. A. Wainright, which were still pending, by all of the other named defendants in which actions writs of garnishment had been issued and served upon the complainant, by which writs the complainant was required to withhold a sum of money far in excess of $603.88, whereby the complainant was unable to determine to whom it was required by law to pay the money so ascertained and agreed to be due from it upon such policy. Wherefore the complainant tenders such amount of money into the registry of the court and prays, among other things, that the defendants be required to interplead amongst themselves as to the disposition of such fund and that the complainant be relieved of any further responsibility to the several defendants as to such fund and that it be decreed to be entitled to its costs and a reasonable attorney's fee.

Jacob Epstein and the other members composing the partnership of the Baltimore Bargain House filed their answer to the bill, as did also G. W. Wainright, but, in view of the subsequent proceedings, there would seem to be no occasion to set out such answers or even to give a synopsis thereof. Suffice it to say that the Baltimore Bargain House and G. W. Wainright each claim a prior lien upon such fund for reasons which are set forth in their respective answers. So far as is disclosed by the

transcript of the record, the other defendants filed no answers, and no further proceedings of any kind were had until the 17th day of April, 1916, when the following letter, addressed to the Circuit Judge, designated "An agreed statement of facts," was filed:

"February 21st, 1916.

"Hon. J. T. Wills,

"Gainesville, Fla.

"Dear Judge:

"In Re: Baltimore Bargain House vs. A. A. Wainright.

"Geo. W. Wainright vs. A. A. Wainright.

"Mr. A. S. Crews and myself agree that on the Fifth day of April, 1915, G. W. Wainright started suit in Circuit Court here against A. A. Wainright in assumpsit and had writs of garnishment to issue and be placed in hands of Sheriff of this county on said day against Connecticut Fire Insurance Company, which writ was served on the Sixth day of April, 1915, on garnishee, and that plaintiff obtained judgment against defendant in assumpsit on the third day of May, 1915.

"Also that Baltimore Bargain House started suit in assumpsit in Circuit Court here against A. A. Wainright on April 3rd, 1915, and had writ of garnishment issued on said day and placed in hands of sheriff of this county against above-named Fire Insurance Company on the said third day of April, 1915, and that judgment was obtained against defendant in this suit on the Seventh Day of February, 1916.

"Judgment of G. W. Wainright is for $3,185.31 with interest from May the Third, 1915, and judgment of Baltimore Bargain House is for $318.33 with interest since February Seventh, 1916.

"It is agreed that Baltimore Bargain House started

suit Two days prior to G. W. Wainright, and that writs of garnishment was issued in suit of Baltimore Bargain House Two days prior to issuance of writ in case of G. W. Wainright and was served Three days prior to service in G. W. Wainright case, and that G. W. Wainright obtained. judgment Nine months prior to Baltimore Bargain House.

"We further agree to submit this matter to you without argument and hand you herewith the files in proceedings brought by Insurance Companies to stay proceedings in these suits so that you may enter such orders touching the distribution of these funds between these judgment creditors as in your judgment is proper under the law.

"No other parties except the above have filed answers to bill of interpleader filed by this insurance company, and the above parties were first to have writs of garnishment issued and served, and no order made in suit will effect any claim other than the above, unless you were to hold that others who brought suits later and had writs served should share in pro rata in these funds.

"If you will we will be glad you would enter your order and return files at your earliest convenience as these suits have been pending for some time by reason of our misunderstanding the proper practice to follow.

"With best wishes, we are

"Yours very truly,
"A. S. Crews,
"D. E. Knight."

On the 17th day of March, 1916, the following decree was rendered:

"This cause coming on further to be heard, and it appearing that by an order heretofore made in this cause,

it has been adjudicated that the defendants do interplead as to their rights to the fund heretofore tendered into the registry of the court, and it appearing to the court that a sufficient showing has been made upon which a decree should be based, and that the following amounts are the just amounts to be paid out of said fund.

"It is thereupon considered that the moneys now remaining in the registry of this court involved in this litigation should be distributed among the defendants herein, to-wit, the sum of $321.93, should be paid to D. E. Knight as attorney of record for the defendants Jacob Epstein, Nathan Epstein, Abraham I. Weinberg, A. Ray Katz and Sidney Lansberg, partners doing business as Baltimore Bargain House, and that the balance of said moneys for paying all costs of court herein should be paid to A. S. Crews as attorney of record for the defendant G. W. Wainright, and it is hereby ordered by this court that the clerk of this court do forthwith distribute the said moneys among said defendants in the order and amounts as above stated and found by this court. Done and ordered at Gainesville, Florida, this sixteenth day of March, A. D. 1916."

From this decree an appeal was entered in the names of all the defendants as appellants, and the complainant, the Connecticut Fire Insurance Company, was designated as the sole appellee. The only parties who have appeared here and filed briefs are G. W. Wainright and the Baltimore Bargain House, the latter of whom states that they do not know why they were made appellants, as they have no fault to find with the decree rendered, but are satisfied therewith.

As the writer hereof stated in the opinion which he filed in the case of Aetna Insurance Co. v. Evans, 57 Fla. 327, text 334 and 335, 49 South. Rep. 57, text 59, "This

court seems never to have had occasion to pass upon and determine the essentials of a bill of interpleader or the practice to be followed therein, except incidentally in Sammis v. L'Engle, 19 Fla. 800." The writer then proceeds to state that "Neither have we any statute or rule of court dealing with the subject or regulating the practice, as some jurisdictions have, so we must look elsewhere for guidance," and refers to Fletcher's Equity Pleading and Practice, Chapter XLI; 23 Cyc. pages 1 to 30; 1 Pomeroy's Equitable Remedies, Chapter 2; 11 Ency. of Pl. & Pr., pages 444 to 481; monographic note by Judge FREEMAN to the case of Shaw v. Coster, 35 Amer. Dec. pages 695 to 712, and other authorities. There is no occasion now for any extended discussion of the matter.   As is stated in 23 Cyc. 31, with which the other authorities above cited are practically in accord: "Where a bill of interpleader is filed the better practice is first to determine whether such bill will lie.  If it will not, it is useless to go further.  If it will, then upon bringing the property in dispute into court, the complainant is discharged from further liability, with his costs, and the court orders that the defendants interplead and litigate the matter in dispute between themselves, which in effect becomes a new and independent proceeding, as between a complainant and a defendant."

This is also in accord with the principle enunciated in Sammis v. L'Engle, 19 Fla. 800, wherein we held: "The practice upon answer and replication in an interpleading suit properly brought, is to decree the bill to be properly filed, to dismiss the complainant with his costs up to that time upon his placing the fund in the registry of the court, and to direct an action to be brought or an issue or a reference to ascertain and settle the rights of the

defendant claimants to the fund as the case may require. In this case there was a reference which was proper."

In the instant case the right of the complainant to file its bill of interpleader was not questioned, but such right would seem to have been recognized and acquiesced in, therefore an order should have been made in accordance with the above statement from Cyc. In any event, the complainant had no further interest in the litigation and should not have been made appellee in this court. As is further said on page 32 of Cyc.: "If the issues between defendants are ripe for decision, the court may at a single hearing dispose of the whole controversy, including as well the issues between the complainant and defendants as the issues between defendants themselves, and make a final decree settling the rights of all parties at once; and where sufficient appears on the pleadings to enable the court to adjudge between defendants it will proceed at once. If, however, upon the discharge of the complainant the case is not ripe for hearing between the claimants the court should order an action or an issue formed between defendants as to their respective rights to the fund, and may order a reference to a master to ascertain and settle their rights, and upon the trial of this issue a final decree as between defendants is rendered." Also See Judge FREEMAN's note previously referred to, especially pages 708 and 709 of 35 Amer. Dec. Evidently the defendants who had filed answers considered the issues between them ripe for a decision and requested the Circuit Judge to proceed to render a final decree upon the pleadings and their "agreed statement of facts," which was done. If the defendant, G. W. Wainright, was dissatisfied with this decree, as evidently he was, he should have appealed therefrom and made the Baltimore Bargain House the appellee. However, as these two con-

tending litigants are before this court asking for an adjudication of the points raised by the appeal, we shall proceed to consider and determine the same, regardless of the fact that they appear here jointly as appellants.

There is but one assignment of error, which is to the effect that G. W. Wainright should have been decreed to have had a prior and superior lien or claim upon the fund in the registry of the court to that of the Baltimore Bargain House.

It will be observed that both G. W. Wainright and the Baltimore Bargain House saw fit to submit their respective claims to such fund for adjudication to the Circuit Judge upon an agreed statement of facts, which we have copied above, without argument.   We had occasion to discuss the question to some extent in the three opinions rendered by Mr. Justice TAYLOR, Mr. Justice HOCKER and the writer hereof in Aetna Insurance Co. v. Evans, 57 Fla. 327, 49 South. Rep. 57, as to whether or not a lien upon property in the hands of a garnishee is created thereon from the time of the service of the writ of garnishment, but no decision was rendered upon such point, therefore it is still an open question in this court. We do not consider that such point is properly before us for determination now.   No testimony was taken by these defendants as to conflicting statements made by them in their respective answers, but the entire matter was submitted by them as to certain facts only upon which they had agreed.   The law would seem to be correctly stated in 11 Ency. of Pl & Pr., page 475, as follows:   "Where the court has properly acquired jurisdiction of the cause as between the defendants, it is not bound to award the fund or other thing in dispute wholly to him who has the legal title, but may so shape its decree as to do complete equity between the parties."

This being so, the mere fact that G. W. Wainright obtained his judgment first in an action of assumpsit against A. A. Wainright, the insured, while his writ of garnishment was served upon the insurance company subsequently to the service of the writ of garnishment by the Baltimore Bargain House, would not necessarily give G. W. Wainright a superior claim upon the fund in the registry of the court. The Circuit Judge has found otherwise, and we must refuse to disturb his ruling. As we have repeatedly held: "In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and it is the duty of a party resorting to an appellate court to make the errors complained of clearly to appear, if they in truth exist." McMillan v. Warren, 59 Fla. 578, 52 South. Rep. 825.

The decree will be affirmed, at the cost of G. W. Wainright.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.