## VOL. 73, JANUARY TERM, 1917.    253

Finance and Guar. Co. v. Crys. Riv. Rock Co.—Opinion of Court

FINANCE AND GUARANTY COMPANY, A CORPORATION, *Appellant,* v. CRYSTAL RIVER ROCK COMPANY, A CORPORATION, *Appellee.*

Opinion Filed February 6, 1917.

Petition for Rehearing Denied March 8, 1917.

When the proceedings in an interpleader suit are not in accord with appropriate procedure in such cases and the specific finding made is not as a matter of law supported by the evidence, the decree will be reversed.

Appeal from Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree reversed.

*Frazier & Hilburn* and *Wm. Hunter,* for Appellant;

*J. T. Watson, Jr.,* for Appellee.

WHITFIELD, J.—Charles F. Aulick and others, co-partners as Aulick-Bates & Hudnall, filed a bill of interpleader alleging in effect that the co-partnership is indebted to E. N. Jelks in a stated amount which is tendered to the court; that they have received from the Finance and Guaranty Company notice that stated sums due to E. N. Jelks had been assigned to the Finance and Guaranty Company and that on March 2nd, 1915, complainants were served with summons in a suit instituted by the Finance and Guaranty Company against complainants on the indebtedness as set forth in an exhibit; that on October 23rd, 1914, complainants were served with a writ of garnishment in a suit of Crystal River Rock

254 SUPREME COURT OF FLORIDA,

Finance and Guar. Co. v. Crys. Riv. Rock Co.—Opinion of Court

Co. v. E. N. Jelks; that complainants answered the garnishment admitting an indebtedness to E. N. Jelks; that the money due by complainant to E. N. Jelks is paid into court to be disbursed according to law in interpleader proceedings.

It is prayed that complainants be discharged from all further responsibility in the premises. By separate answer the Finance and Guaranty Company aver that for a present valuable consideration it purchased from E. N. Jelks certain accounts then due from Aulick-Bates & Hudnall to E. N. Jelks and had brought suit thereon against Aulick-Bates & Hudnall; that prior to the garnishment proceedings against Aulick-Bates & Hudnall, E. N. Jelks had filed a petition in bankruptcy in which E. N. Jelks was duly adjudged a bankrupt and a receiver appointed and qualified to take charge of all the assets and estate of E. N. Jelks, all of which proceedings were had prior to the bringing of the suit in which the garnishment was issued against Aulick-Bates & Hudnall; that the claim of the Crystal River Rock Company was a provable debt in the bankruptcy proceedings; that the transfer of the accounts to it is good against E. N. Jelks and his trustee in bankruptcy; that if the assignment of the accounts is not valid, then the trustee in bankruptcy of E. N. Jelks has the right to collect said accounts that Aulick-Bates & Hudnall had due notice of the transfer of said accounts by E. N. Jelks to it, and of the bankruptcy proceedings against E. N. Jelks, and had notice that the trustee in bankruptcy had renounced all claims he might have against said accounts in favor of defendant; that complainant is not entitled to a bill of interpleader.

Testimony was taken and the court finding specifically "that the alleged assignment or assignments of open accounts under which the defendant Finance & Guaranty

Company claims its right of collecting the amount of money filed in the registry of the court in these proceedings, are as against the Crystal River Rock Company a creditor of the alleged assignor thereof, invalid and void," decreed that payment be made of the claim of the Crystal River Rock Company. The defendant Finance and Guaranty Company appealed.

It does not appear that appropriate procedure was had in the cause as is pointed out in Wainwright v. Connecticut Fire Ins. Co., decided at this term, whereby the complainants would be dismissed with their costs if interpleader is proper. Besides this, the evidence does not show that the assignments of accounts under which the appellant claims are "invalid and void" as against the appellee.

The decree is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.