77 So.2d 606 (1955)
DRUMMOND TITLE COMPANY, a Florida corporation, Appellant,
v.
Isreal S. WEINROTH, Holly M. Weinroth, his wife; Constance M. Oliver; Arden P. Titlow and Thelma Titlow, doing business as Titlow & Titlow, a copartnership, Appellees.
Supreme Court of Florida. En Banc.
January 28, 1955.
*607 James T. McBrayer, Miami, for appellant.
Blackwell, Walker & Gray, Miami, for appellees.
DREW, Justice.
On August 1, 1953, Titlow and Titlow, brokers procured the execution of a contract whereby Israel S. Weinroth and Holly M. Weinroth agreed to buy and Constance M. Oliver agreed to sell a tract of land in Dade County. The contract recited that the sum of $2,300 had been paid by the purchasers on account of the transaction and would be held in escrow by Drummond Title Company subject to the terms of the contract as a deposit on account of the purchase price. The contract placed no obligation on the Drummond Title Company except to provide that the transaction would be closed by it acting as escrow, insuring, and closing agent. The contract was signed by all of the parties and properly witnessed. Pertinent to the disposition of this cause was the following paragraph thereof:
"It is mutually agreed that this transaction shall be closed and the purchaser shall pay the balance of the first payment and execute all papers necessary to be executed by him for the completion of his purchase on or bef. 9/2/53 otherwise the herein named Escrow Agent is hereby directed by both seller and purchaser to divide the moneys being held by said Escrow Agent between the seller and broker herein named as hereinafter provided. It is further agreed that in the event of such procedure the Escrow Agent is relieved from any and all further liability. It is further agreed that in case this transaction is not completed due to any default or failure on the part of the purchaser, the said purchaser shall in that event become liable to the broker for brokerage commission as hereinafter provided. It is further agreed that in case of default by the purchaser, the seller may at his option take legal action to enforce this contract, in which event the purchaser shall pay reasonable attorney fees and court costs; or else the seller may at his option retain one-half of the deposit herein paid as consideration for the release of the purchaser by the seller from any and all further obligations under this contract to the seller, which release shall be implied from such act of retention by the seller." (Emphasis added.)
Ten days after the contract was executed and the money deposited with the escrow agent, the title company received a letter from the seller and the purchasers advising it that they had mutually agreed to call off the sale and directing the title company to return the money to the purchasers less their charge for services as escrow agent, not to exceed $25. On the same day the title company received a letter from the brokers wherein the title company was advised:
"We have called on the buyer who has said that he is not particularly anxious to buy a property where the seller is unwilling to sell, but that he is *608 ready, willing and able to purchase in accordance with the contract.
"As escrow agents, please be advised that this contract is now in controversy, and as parties thereto, we request that no settlement, releases or refunds be made under it unless we are party to the negotiations. We take the position that we have a valid contract and as such, we are entitled to full commission."
The title company, as escrow agent, took the position that the contract signed by the purchasers, seller and brokers with the provision above quoted, required the consent of the three parties to the release of the funds. There was considerable discussion and some correspondence concerning the right of the company to hold the funds until it had secured a proper release from these parties to the contract. The broker would not agree to the release of the funds; whereupon, on August 25, 1953, the purchasers instituted suit in the Civil Court of Record of Dade County against the title company to recover the deposit and damages for the unlawful detention of it. Shortly thereafter, the title company filed its bill for interpleader in the Circuit Court of Dade County alleging the above facts and praying for the entry of an order of interpleader, an order enjoining the action in the Civil Court of Record, and an order for its costs and attorneys' fees in connection with the interpleader. The purchasers and the seller promptly moved to dismiss the bill for interpleader but instead of the court below ruling on the motion and determining the question of the propriety of the proceedings, it entered an order deferring the ruling thereon until the trial, requiring the filing of answers, and further requiring the plaintiff to pay the $2,300 into the registry of the court. The money was paid into the registry of the court by the title company. The defendants filed appropriate pleadings, including a counterclaim by the broker against both the seller and the purchasers.
After testimony had been taken, the court entered a final decree in which it found that the purchasers and the seller, subsequent to the execution of the contract, mutually agreed to release each other from all obligations and liabilities arising thereunder. This order recited that an examination of the contract of sale "has convinced me that there was never any obligation upon the part of the purchasers to pay commission or any part thereof to the defendants Titlow and Titlow; that any contractual relation existing among the various defendants here involved was between the seller, Oliver, and the broker she employed, Titlow. Therefore, it is clear to me that there was no basis for interpleader. The purchasers were and are entitled to the return of the money deposited by them with plaintiff. No ruling is made relative to the rights of the broker against the seller because of the belief which I hereinbefore set forth. Having heard testimony and examined the evidentiary matter introduced, I am of the opinion that plaintiff is not entitled to the relief sought." (Emphasis added.) The court decreed that the action be dismissed with prejudice and at the cost of the plaintiff; that the counterclaim of the broker against the seller for commission be dismissed without prejudice; and that the clerk of the court pay to the purchasers and their attorneys of record, "the sum of Two Thousand Dollars ($2,000.00) [sic] within four days from the date hereof." The order concluded with the finding that attorneys' fees were not recoverable on the part of the plaintiff.
An appeal has been taken from the foregoing decree by the title company.
In the case of Wainright v. Connecticut Fire Ins. Co., 73 Fla. 130, 74 So. 8, 10, we quoted with approval the following statement from 23 Cyc. 31:
"`Where a bill of interpleader is filed the better practice is first to determine whether such bill will lie. If it will not, it is useless to go further. If it will, then upon bringing the property in dispute into court the complainant is discharged from further liability, with his costs, and the court orders that the defendants interplead and litiate *609 the matter in dispute between themselves, which in effect becomes a new and independent proceeding, as between a complainant and a defendant.'"
In that same case, with reference to suits for interpleader, we also said:
"`The practice upon answer and replication in an interpleading suit properly brought is to decree the bill to be properly filed, to dismiss the complainant with his costs up to that time upon his placing the fund in the registry of the court, and to direct an action to be brought or an issue or a reference to ascertain and settle the rights of the defendant claimants to the fund as the case may require. In this case there was a reference which was proper.'
* * * * * *
"`If the issues between defendants are ripe for decision, the court may at a single hearing dispose of the whole controversy, including as well the issues between the complainant and defendants as the issues between defendants themselves, and make a final decree settling the rights of all parties at once; and where sufficient appears on the pleadings to enable the court to adjudge between defendants, it will proceed at once. If, however, upon the discharge of the complainant the case is not ripe for hearing between the claimants, the court should order an action or an issue formed between defendants as to their respective rights to the fund, and may order a reference to a master to ascertain and settle their rights, and upon the trial of this issue a final decree as between defendants is rendered.'"
In the case of Finance & Guaranty Co. v. Crystal River Rock Co., 73 Fla. 253, 74 So. 305, decided just a month after the decision in the foregoing case, in which we were dealing with another interpleader action, we concluded the opinion with the observation:
"It does not appear that appropriate procedure was had in the cause as is pointed out in Wainwright v. Connecticut Fire Ins. Co., [73 Fla. 130] 74 So. 8, decided at this term, whereby the complainants would be dismissed with their costs if interpleader is proper." (Emphasis added.)
As to procedural matters in cases of strict interpleader, see 30 Am.Jur. 231, 232, Sections 23, 24 and 25.
It is clear from a procedural point of view that the lower court erred in not ruling on the propriety of the proceedings prior to the disposition of the cause on the merits or the determination of the rights of any of the defendants. At the very inception of the proceedings or at the earliest stage at which the court has jurisdiction of all the parties, and the question is presented, the court should determine whether interpleader is proper under the circumstances shown and should either enter an order allowing interpleader and discharging the plaintiff from liability with costs and attorneys fees, if proper under the circumstances, or else dismiss the cause because of the impropriety of the proceeding under the facts before the court. The court in the instant case had no authority in an action for strict interpleader, as this was, to find that interpleader was improper and then adjudicate the rights of any party. For these reasons, from a procedural point of view, the decree of the lower court was erroneous.
We held in the case of Brown v. Marsh, 98 Fla. 253, 123 So. 762, 763:
"The question of whether or not interpleader will lie is always preliminary to the trial of the issues between the defendants, for without the establishment of this fact the defendants can have no contention as between themselves upon the record. If it is determined that the case is a proper one for interpleader, the plaintiff should be discharged from liability, with his costs, upon bringing the money or thing in dispute into court, and the suit should *610 thereafter proceed upon issues joined between the defendants. Where, however, at the hearing on the bill, it is made to appear that the defendants have by their several answers clearly and sufficiently presented the proper issues as between themselves, and that such issues are ripe for adjudication, the court may, at the time it determines the question of interpleader upon the bill and issues thereto tendered, also decide the questions at issue between the several defendants, and dispose of the case finally. 15 R.C.L. 232."
The title company found itself in a situation not of its own creation but out of which there was a possibility of liability in the event it acted without the consent of all of the parties to the original agreement. It had no interest whatever in the funds in its hands and readily disclaimed any. It obviously wanted to be sure that when it released the funds it would not be thereafter harassed with litigation and subjected to liability, and we think it very properly and appropriately invoked the jurisdiction of the equity court for the purpose of settling the rights of all of the parties to the transaction. We think that while the title company is subject to some criticism for waiting until it had been sued by the purchaser before filing its interpleader, it then acted in a manner of fairness to all parties concerned. Such delay, however, does affect its right to recover costs and attorneys' fees as hereafter pointed out.
We think that on the merits this case is governed by the cases of Brown v. Marsh, supra, and Miller v. Gulf Life Insurance Co., 148 Fla. 1, 3 So.2d 519.
In Brown v. Marsh, supra, a very similar factual situation was presented, including several suits against the stakeholder, claiming an interest in the stake. We held that the facts in that case presented a situation entitling plaintiff to invoke the equity powers of the court in an action for interpleader. And, after defining certain procedural points similar to those which we have discussed above, we held on the merits that the plaintiff was not only entitled to interplead but that the court below very properly enjoined the prosecution of the suits which had been instituted. We also held that the complainant was not entitled to costs and attorneys' fees because the interpleader was sought by the complainant for his own protection.
In Miller v. Gulf Life Insurance Co., supra, [148 Fla. 1, 3 So.2d 520] we held the facts there to be sufficient for interpleader and to enjoin the prosecution of another action against the stakeholder. With reference to this latter point, we very specifically pointed out in that case that:
"The very purpose of a suit in interpleader is to prevent the prosecution of other suits against the complainant in interpleader and to require those claiming the fund in the hands of the interpleader to litigate their differences between themselves."
We approve the action of the lower court with reference to costs and attorneys' fees, being of the view that this question is controlled by Brown v. Marsh, supra, because of the showing here, as in the Marsh case that "the decree of interpleader is sought by complainant for his own protection."
We have examined the cross assignments of error filed by the broker and find them to be without merit.
That portion of the decree appealed from dismissing the cause with prejudice and at the cost of plaintiff is reversed with directions to enter an order allowing interpleader, discharging plaintiff from liability and enjoining the common-law action. In all other respects the decree is affirmed.
MATHEWS, C.J., and TERRELL, THOMAS and SEBRING, JJ., concur.
ROBERTS, J., dissents.
HOBSON, J., not participating.