DOWNEY, Judge.
Sandra J. Azelton appeals from a summary judgment for Lois Finch, Sherry Shields, and Kenneth R. Azelton in a controversy over the proceeds of a life insurance policy.
Appellees, Lois Finch and Sherry Shields, filed a complaint against appellee Liberty Life Insurance Company to recover the proceeds of a life insurance policy on the life of Robert Azelton, the father of Sherry and former husband of Lois. In material part the complaint alleged that: the marriage of Robert Azelton and Lois Azelton Finch had been dissolved; the final judgment of dissolution adopted an agreement between the parties wherein Robert Azelton had agreed to maintain a life insurance policy on his life and to continue as beneficiaries their daughter, Sherry Shields, and their son Kenneth Azelton (Lois was to pay the premiums on said policy); the insured died and the plaintiffs, Lois and Sherry, had met all the conditions of the policy and they were the beneficiaries thereunder; although requested to do so appellee Liberty Life Insurance Company had refused to pay the proceeds of the policy to the plaintiffs because another party (appellant, Sandra Azelton) had made a claim for said proceeds.
Liberty Life filed an answer admitting the existence of the policy but denied the alleged beneficiaries on the policy. As af *120 firmative defenses Liberty Life alleged the failure to join dispensable parties, Sandra Azelton and Kenneth Azelton. Liberty Life also filed a counterclaim in which it sought to interplead the proceeds of the policy. The counterclaim brought Kenneth Azelton and Sandra Azelton into the case as additional third parties. Lois and Sherry and Kenneth replied to the counterclaim, but Sandra did not.
On July 7, 1978, Lois, Sherry, and Kenneth moved for summary judgment. On July 26, 1978, Liberty Life filed a motion for an order of interpleader, authorizing it to pay the proceeds of the policy into the court registry and thereafter be discharged, after allowance of its fees and costs. Again, on September 26,1978, Lois, Sherry, and Kenneth filed a motion for summary judgment. _ Thereafter, on November 29th an order of interpleader was filed, followed by the filing of a joint stipulation. Finally, on December 4, 1978, an order was entered granting final judgment to appellees Lois, Sherry, and Kenneth. At that time the parties had filed a written stipulation with the court which, in pertinent part: 1) consented to an order of interpleader and the payment of the proceeds of the policy into the registry of the court, and 2) provided for the dismissal with prejudice of the complaint filed by Lois and Sherry. At said hearing counsel for Sandra argued that the hearing on the motion for summary judgment was premature because the issues between Lois, Sherry, and Kenneth on the one hand and Sandra on the other had not been settled by adequate pleadings. However, appellees persuaded the trial court that it was appropriate to proceed to a decision on the merits of the case at that time and thus, in due course, the judgment appealed from was entered.
We are persuaded that the ends of justice would be best served by a further consideration of this case in the trial court. That conclusion has been reached because of the nature of the proceeding and the posture of the case at the time of its termination in the trial court. The interpleader aspect of the case takes it out of the run of the mill lawsuit and requires a little different consideration of the pleadings. For example, after the court decides the preliminary question of whether interpleader is appropriate, the court then proceeds to determine the issues made between the parties laying claim to the funds held by the party seeking the order of interpleader. If the issues are not yet settled between the interested contestants, the court should direct the parties to file appropriate pleadings to create the issues to be tried. As stated in 18A Fla. Jur., Interpleader § 18:
“After it is determined that interpleader has been properly brought, and after the complainant is dismissed, litigation proceeds among the defendants as in an adversary proceeding. If the issues relative to the various claims have been fully presented by the parties, the court should dispose of the entire controversy in a way that is binding on all the parties without requiring further litigation of any nature, at the time it determines the question of interpleader; but if the case is not ready for decision as between the conñicting claimants, the court should order the claimants to interplead and litigate the matter in dispute between themselves. The latter phase of the matter becomes, in effect, a new and independent proceeding between the claimants alone as adversaries. A cross claim against the inter-pleading complainant is inadmissible, and he should not ordinarily be made a party to a counterclaim by one of the defendants against the other.” (Emphasis added; footnotes omitted.)
And the precise nature of the pleadings is not so important if the rights of the parties are protected and the issues are framed so that a decision can be made thereon. As the Supreme Court of Florida said in Bourne v. State Bank of Orlando & Trust Co., 106 Fla. 46, 142 So. 810, 813 (1932):
“When, however, it comes to the framing of issues between claimants to property in suits of this character [interpleader], the ownership of which is in question, there seems to be no hard and fast rule to be followed. In ordering issues to be framed between claimants, courts are *121 more interested in making an equitable disposition of the property or fund involved in the controversy than in the form in which the issues are shaped. So long as substantial rights of the parties are not invaded and the issues are so framed that they can be made the basis of an equitable decree, it does not matter ,so much what turn the pleadings take.”
See also: Drummond Title Company v. Weinroth, 77 So.2d 606 (Fla.1955); DeGarcia v. Seiglie, 230 So.2d 37 (Fla. 4th DCA 1970).
Adverting to the facts of this case, it should be remembered that Lois and Sherry filed the complaint against Liberty Life to recover the proceeds of the policy. Liberty Life answered and counterclaimed for in-terpleader and brought in Kenneth and Sandra as additional interested parties. All of the parties then stipulated that the proceeds should be paid into the registry of the court, and the complaint should be dismissed with prejudice. That stipulation was before the court at the time the summary judgment was entered. However, except for a reference thereto in the order of interpleader, the stipulation seems to have been ignored.
As we view the record, after the court entered the order of interpleader and the funds were paid into the court registry, the complaint should have been dismissed and the parties thereafter directed to plead their respective claims to the fund. When the issues were settled either side could possibly move for summary judgment or the case could have been tried on the merits of the issues raised in the pleadings. Instead, the appellant never presented a pleading setting forth the basis of her claim. Appellees contend appellant should have presented her claim in response to the Liberty Life counterclaim. Granted she could have done so, but the counterclaim did not require that she do so; and we think the trial court, after entering the order of interpleader, should then have directed the parties to plead the issues. The only pleading basis for the summary judgment was the complaint filed by Lois and Sherry, which the parties had stipulated should be dismissed.
After all is said and done, we find the entry of summary judgment was premature. On remand the trial judge shall: vacate the summary judgment; direct the parties to cast the issues through appropriate pleadings; and then decide those issues either by summary judgment or trial on the merits, whichever is appropriate.
Accordingly, the judgment appealed from is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED, with directions.
LETTS, C. J., and HURLEY, J., concur.