WIGGINTON, Judge.
Appellant, Dodd, as personal representative of the estate of Ann Hawkins, appeals a final judgment entered upon appellee King’s motion for judgment on the pleadings in a suit initiated by appellee AIG Life Insurance Company’s complaint for inter-pleader. We affirm in part, reverse in part, and remand for further proceedings.
We find that the judgment on the pleadings was properly entered against appellant Dodd in her capacity as personal representative of Ann Hawkins’ estate, as was conceded somewhat by Dodd’s attorney at the hearing on the motion when he sought to amend the interpleader action to include the estate of Robert Hawkins, for which Dodd is also the personal representative. In reaching that conclusion, we have rejected the various arguments made by appellant on this issue, including her assertion of the applicability of Section 732.802, Florida Statutes, to this case and her contention that the court erred in refusing to allow her, as a defendant, to amend AIG’s complaint for interpleader. We have also rejected her argument that insufficient notice of the motion was given since the record shows that her attorney, after a period of recess giving him an opportunity to prepare a response to the motion, represented to the court that he was ready to proceed.
However, at the hearing on the motion, it became clear that, although appel *856 lant’s claim against the insurance policy proceeds was without merit, an uncertainty exists as to the rights between appellee and a party unnamed in the suit, the estate of Robert Hawkins, to the policy proceeds. In light of that development, the case was not ripe for a hearing on the issue of entitlement to the funds at that time. Compare Drummond Title Company v. Weinroth, 77 So.2d 606 (Fla.1955) and Azelton v. Finch, 390 So.2d 119 (Fla. 4th DCA 1980). Therefore, the portion of the final judgment determining that issue by directing the proceeds be paid to King was premature and should be stricken.
We affirm the final judgment against appellant Dodd as personal representative of Ann Hawkins’ estate but strike that portion of the final paragraph directing the proceeds be paid to appellee King, leaving the judgment not final as to disposition of the proceeds of the policy. Consequently, a motion by AIG to amend to add a party hereafter may be entertained and the cause proceed as necessary to resolution in the trial court. Compare Baird v. Continental Insurance Company, 237 So.2d 206 (Fla. 4th DCA 1970) and Bradham v. Ho,yes Enterprises, Inc., 306 So.2d 568 (Fla. 1st DCA 1975).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
JOANOS and NIMMONS, JJ., concur.