PER CURIAM.
Stuart M. Berger, RPT, P.A., d/b/a Concorde Physiotherapy (Berger) appeals, and Silverstein, Silverstein & Silverstein, P.A. *313 (Silverstein) cross appeals the lower court’s order granting Defendant’s Motion for Summary Judgment and Denying Plaintiffs Motion for Summary Judgment.
Ida Small was injured in an elevator accident. On October 29, 1991, she retained Silverstein to represent her in claims arising from the accident and entered into a contingent fee agreement entitling Silverstein to recover costs incurred and providing it with a lien on any recovery obtained.
Berger treated Small with physical therapy. On May 6, 1993, Small signed a con-traet/lien authorizing her attorney to directly pay Berger the sums owed him for services rendered to her from any settlement, judgment or verdict. On June 17, 1993, Silver-stein also signed the document, agreeing to observe all its terms and withhold such sums from any settlement, judgment or verdict as may be necessary to protect Berger. Berger treated Small for approximately three years, and his total bill for services rendered to her • is $16,686.31. Silverstein ultimately settled Small’s lawsuit for a total of $27,500. Silver-stein then took $11,000 for attorney’s fees and $14,691.82 in costs, leaving only $1,808.18 for Small and Berger.
On September 18, 1996, Berger filed an action against Small containing a count against Small, Silverstein and one of its attorneys for breach of contract. Berger later voluntarily dismissed claims as to Small and the individual attorney. Silverstein raised affirmative defenses, primarily asserting that it had a priority interest and lien to recover attorney’s fees and costs, higher than that of any medical provider or lien holder, for monies recovered in the settlement. Both parties moved for summary judgment. On February 10, 1998, the trial court denied Berger’s motion and granted Silverstein’s motion, finding that Silverstein had a higher priority interest and lien than Berger. The court disallowed Silverstein’s' claimed costs for telephone, fax, postage and express delivery totaling $1069.60 and determined that Berger’s lien totaled $2,877.68. Silverstein moved for rehearing, which was denied, and the court amended its order to provide that Berger was entitled to recover $2,877.78.
Contrary to Silverstein’s position, we do not resolve this case on the basis of the law of competing liens. Rather, we find that the execution of the document in question created a binding and enforceable contract among the parties. See Heffelfinger v. Gibson, 290 A.2d 390 (D.C.1972). This contract clearly provided that Silverstein would “withhold [the necessary] sums from any settlement, judgment or verdict as [might] be necessary to adequately protect” Berger. Nothing in this agreement suggested that Berger would have to stand in line behind the attorneys’ financial interest in the case. The fact that the case was settled for less than Silverstein anticipated does not alter the rights of Berger who fulfilled his part of the bargain by treating Ms. Small for a total of three years. See Marshall Construction, Ltd. v. Coastal Sheet Metal & Roofing, Inc., 569 So.2d 845 (Fla. 1st DCA 1990)(“It is a well-settled contract principle that unexpected difficulty, expense, or hardship does not excuse a party from performance of its obligations under a contract.”); Bumby & Stimpson, Inc. v. Peninsula Utils. Corp., 169 So.2d 499 (Fla. 3d DCA 1964).
We reverse the lower court’s order granting Silverstein’s motion for summary judgment and denying Berger’s motion for summary judgment and remand with instructions to enter final summary judgment in favor of Berger. Based on our holding on this issue, the cross-appeal is moot.
JORGENSON and SORONDO, JJ., concur.