KLEIN, J.
The trial court assessed attorney’s fees and costs which were incurred as a result of a party seeking relief by inter-pleader. Because we conclude that the party seeking interpleader relief was doing so for its own protection, it was not entitled to fees and reverse.
Fleet Clearing Corporation, the party seeking interpleader, was running an investment account. Before it sought inter-pleader, Fleet and other defendants had been sued by appellant, who alleged wrongdoing by Fleet in connection with the account. Fleet filed a cross-claim and counterclaim for interpleader alleging, among other things, that it could not determine “without hazard to itself to which claimant the account rightfully belongs.”
As a result of various contentions by the litigants, some of whom did not want the funds in the investment account to simply be deposited in the registry of the court, the court appointed a custodian of the account to review all trades and advise the court. The court provided that attorney’s fees and costs incurred by the custodian would be paid from the funds in the account.
At the conclusion of the litigation, the trial court ordered appellant, who did *1173 not prevail, to pay the costs and attorney’s fees of Fleet and the custodian, under the general principle that these costs and fees are recoverable by the interpleading party. Drummond Title Co. v. Weinroth, 77 So.2d 606 (Fla.1955). There is an exception to the general rule that fees and costs are recoverable, however, where the party seeking interpleader is doing so for its own protection. Id. at 610.
Relying on Drummond, the court explained in Rafter v. Miami Gables Realty, Inc., 428 So.2d 351 (Fla. 3d DCA 1983):
A plaintiff in interpleader is not entitled to attorneys’ fees unless he establishes that his conduct meets certain standards. He must show that he is a disinterested, innocent stakeholder or, otherwise stated, that he is not responsible for creating the conflicting claims to the fund; that he has not instituted the action for his own protection; and that he has sought an expeditious judicial determination of the conflicting claims.
In the present case, Fleet filed the inter-pleader only in response to a complaint alleging that it had engaged in wrongdoing. It did so for its own protection. Attorney’s fees and costs should not, accordingly, have been awarded Fleet or the custodian based on interpleader principles.[1] Because that was the only theory, so far as we can determine from this record, on which the fees and costs of Fleet and the custodian were passed on to appellant, we agree with appellant that she should not have to bear those fees and costs. We therefore reverse the orders assessing the fees and costs incurred by Fleet and the custodian against appellant.
TAYLOR and HAZOURI, JJ., concur.

. There was no appeal from the orders awarding fees and costs to Fleet or the custodian, and the only issue raised on this appeal is whether the appellant should have been made to pay those fees and costs. Accordingly, this opinion does not affect the orders which the court entered providing that Fleet and the custodian would be reimbursed for the fees and costs from the account.