DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BROWARD OUTPATIENT MEDICAL CENTER, LLC, BETH ISRAEL OUTPATIENT SURGICAL CENTER, LLC** d/b/a **BROWARD OUTPATIENT SURGICAL CENTER, PALM COAST ANESTHESIA GROUP, LLC,** and **CENTRAL SPINE AND ORTHOPEDIC CENTERS, LLC** d/b/a **INTRAOPERATIVE MONITORING ASSOCIATES AND CENTRAL SPINE AND ORTHOPEDICS CENTER, LLC,**
Appellants,

v.

**FENSTERSHEIB LAW GROUP, P.A.,** f/k/a **THE LAW OFFICES OF ROBERT J. FENSTERSHEIB & ASSOCIATES, P.A., et al.,**
Appellee.

No. 4D19-3404

[November 25, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE-19-009436 (04).

Bruce S. Rogow and Tara A. Campion of Bruce S. Rogow, P.A., Fort Lauderdale, and Mitchell E. Moore, Pompano Beach, for appellants.

Scott A. Mager and Gary S. Gaffney of Mager Paruas, LLC, Hollywood, for appellee.

DAMOORGIAN, J.

Broward Outpatient Medical Center, LLC, Beth Israel Outpatient Surgical Center, LLC d/b/a Broward Outpatient Surgical Center, Palm Coast Anesthesia Group, LLC[1], and Central Spine and Orthopedic Centers, LLC d/b/a Intraoperative Monitoring Associates and Central Spine and Orthopedics Center, LLC (collectively "the Medical Providers") appeal the trial court's order distributing interpleaded funds to Appellee,

---

[1] Palm Coast Anesthesia Group, LLC was not listed in the order on interpleader but was a listed claimant in the petition for interpleader and is a party to this appeal. Neither the Medical Providers nor the Law Firm mentions this discrepancy on appeal.

Fenstersheib Law Group, P.A. ("the Law Firm"). We hold that the trial court erred by distributing the interpleaded funds before determining the amount owed to each claimant and the priority of each claim to the funds. Accordingly, we reverse and remand.

By way of background, while represented by the Law Firm in a personal injury case, Chevelle Legami ("the Plaintiff") sought medical treatment from the Medical Providers. In order to secure payment for such treatment, the Plaintiff and the Law Firm gave the Medical Providers letters of protection. The letters of protection stated:

> [T]he attorney for the above [Plaintiff] (patient), does hereby agree to . . . withhold such sums from any settlement or judgment as may be necessary to adequately protect the above listed health care providers and to promptly pay such sums to them upon receipt of payment of any settlement or judgment without demand.

Ultimately, the Plaintiff's case settled. However, the Law Firm determined that after it deducted its contingency fee from the proceeds of the settlement, there remained insufficient funds to pay the outstanding bills from the Medical Providers and others. Therefore, the Law Firm filed a petition for interpleader in which it identified the Medical Providers and the Plaintiff as claimants.[2] In the petition, the Law Firm sought authorization from the court to pay itself its contingency fee from the settlement funds before the court determined the amounts owed to the other claimants and the priority of each claim to the settlement funds. In response to the petition, the Medical Providers asserted affirmative defenses against the Law Firm and crossclaims against the Plaintiff, in which they alleged that the letters of protection gave them priority to be paid in full.

The matter proceeded to a hearing in which the Medical Providers relied on *Stuart M. Berger, RPT, P.A. v. Silverstein, Silverstein & Silverstein, P.A.*, 727 So. 2d 312 (Fla. 3d DCA 1999), for the proposition that letters of protection grant medical providers priority over an attorney's claim to settlement funds. The Medical Providers also argued, however, that the hearing was "premature" because their liens were disputed by the Plaintiff. Following the hearing, the trial court entered its order authorizing the Law

---

[2] The Law Firm also named other claimants in the interpleader action. The Medical Providers do not contest the distribution of interpleaded funds to those claimants. Accordingly, the relief granted to those claimants is not under review.

Firm to take its contingency fee. The trial court deferred ruling on the Medical Providers' claims, reasoning:

> [The Plaintiff] challenges these [M]edical [P]roviders' entitlement to amounts they claim from the interpleaded funds; thus, these claims must be litigated at law to determine whether the [M]edical [P]roviders are entitled to any of the interpleaded funds and, if so, the amount to which each is entitled. Notably, these [M]edical [P]roviders also have remedies at law they could pursue. Under these circumstances, it would be premature for this Court to make any determination as to the [M]edical [P]roviders' priority to the interpleaded funds unless and until there has been a determination on the [M]edical [P]roviders' entitlement to any interpleaded funds. If litigation of the medical claims ends with judgments (or settlements are reached) in amounts less than the remaining interpleaded funds, there may be no need to make such a priority determination. Conversely, if the litigation ends with judgments or settlement amounts in excess of the remaining interpleaded funds, the Court may then need to consider what, if any, equitable or other determinations are appropriate. This Court will address these issues—if and when it becomes necessary—at the appropriate time, but will not issue an advisory opinion on such issues at this time.

This appeal follows.

"The very purpose of a suit in interpleader is to *prevent the prosecution of other suits against the complainant* in interpleader and to require those claiming the fund in the hands of the interpleader to litigate their differences between themselves." *Drummond Title Co. v. Weinroth*, 77 So. 2d 606, 610 (Fla. 1955) (emphasis added) (quoting *Miller v. Gulf Life Ins. Co.*, 3 So. 2d 519, 520 (Fla. 1941)). Thus, once the trial court determines that an interpleader action has been properly brought, "the court should dispose of the entire controversy in a way that is binding on all the parties without requiring further litigation of any nature." *Azelton v. Finch*, 390 So. 2d 119, 120 (Fla. 4th DCA 1980) (quoting 18A Fla. Jur. *Interpleader* § 18).

By distributing to the Law Firm its full contingency fee while conflicting claims to the funds remained pending between the Law Firm, the Plaintiff, and the Medical Providers, the trial court disregarded the very purpose of an interpleader action. *See Drummond Title Co.*, 77 So. 2d at 610; *Azelton*,

3

390 So. 2d at 120. To avoid the need for further litigation, a trial court must first determine what each party is owed, then decide the priority of payment if the funds are insufficient to pay each liquidated claim, and then order the distribution of the funds. *See Drummond Title Co.*, 77 So. 2d at 610; *Azelton*, 390 So. 2d at 120–21 ("[A]fter the court decides the preliminary question of whether interpleader is appropriate, the court then proceeds to determine the issues made between the parties laying claim to the funds held by the party seeking the order of interpleader.").

Based upon the foregoing, we reverse the portion of the order on interpleader distributing to the Law Firm the amount of its contingency fee, and remand for the trial court to proceed in a manner consistent with this opinion.[3]

*Affirmed in part, reversed in part, and remanded.*

CIKLIN and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] To the extent that the Medical Providers ask for this Court to give instructions to the trial court declaring that their claims are superior to the Law Firm's fee, it would be premature to do so because the trial court never decided the matter of priority.