M. S. Brown, Allison E. Palmer, Trustee bkc., McCormick-Hannah Lumber Co., a corp., etc., bkc., et als., *Appellants*, v. George S. Marsh, Jr., *Appellee*.

Division A.

Opinion filed July 30, 1929.

Petition for rehearing denied September 16, 1929.

254

*Jones & Jones,* for Appellants;

*Dickinson & Dickinson,* for Appellees.

TERRELL, C. J.—George S. Marsh, Jr., appellee, made a contract with M. S. Brown, appellant, to construct a house and garage for $16,300.00. Brown undertook the execution of the contract on his part, was paid the sum of $9,926.12 thereon, but before its completion he became involved in financial difficulties and was forced to abandon it. Marsh took up the contract where Brown abandoned it and completed it at a cost of $3,673.23 to himself leaving a balance of $2,697.65 in his hands which he had agreed to pay Brown to perform in full. At the time Brown abandoned the contract he owed the other appellants named herein various and sundry amounts for materials furnished to perform it, Some of these appellants brought actions against Marsh, and others filed claims with him.

At this juncture Marsh as complainant below filed his bill in the Circuit Court of Orange County praying that defendants, appellants here, be required to interplead their claims and have the same adjudicated with priorities, the bill also prays that the costs and expenses of this proceeding including a reasonable attorney's fee be allowed from the sum held by complainant and paid into the registry of the court, that complainant be discharged from further lia-

bility for any claim involved in this cause and that all suits affecting said claims be temporarily enjoined and that on final hearing said injunction be made final. A final decree was entered in compliance with the prayer of the bill and appeal was taken from that decree.

We are first confronted with the contention that the bill of interpleader is insufficient in that it does not contain the affidavit of no collusion.

The question of whether or not interpleader will lie is always preliminary to the trial of the issues between the defendants for without the establishment of this fact the defendants can have no contention as between themselves upon the record. If it is determined that the case is a proper one for interpleader, the plaintiff should be discharged from liability with his costs upon bringing the money or thing in dispute into court and the suit should thereafter proceed upon issues joined between the defendants. Where, however, at the hearing of the bill, it is made to appear that the defendants have by their several answers clearly and sufficiently presented the proper issues as between themselves, and that such issues are ripe for adjudication, the court may at the time it determines the question of interpleader upon the bill and issues thereto tendered also decide the questions at issue between the several defendants, and dispose of the case finally. 15 R. C. L. 232.

A bill of interpleader is not a proceeding *in rem*. It is where the complainant alleges that he has a fund in his hands in which he claims and has no interest, and to which the defendants set up conflicting interests. The complainant brings the fund into court and prays that the defendants contest it between themselves. Lowry et al. v. Downing Mfg. Co., 73 Fla. 535, 74 So. R. 525; 15 R. C. L. 222. The object of the affidavit of no collusion is to prevent the proceedings for interpleader from being resorted to for the

purpose of giving an advantage to one claimant over another. Failure to attach it to the bill is generally ground for demurrer. 15 R. C. L. 231. In the instant case the affidavit of no collusion was not attached to the bill as originally filed but the record discloses that such affidavit was attached before the court disposed of the demurrer and we think that was sufficient. It is also contended in this connection that error was committed in filing the affidavit of no collusion with the chancellor instead of the clerk. Since the affidavit was before the chancellor when he considered the demurrer to the bill and became a part of the permanent record in the case we think it is immaterial whether it was filed with the clerk or with the chancellor.

It is next contended that the court erred in granting the temporary restraining order.

The effect of the temporary restraining order which was afterwards made permanent was to abate all actions brought or contemplated on the part of defendants to recover from the complainant any portion of the monies held by him, but paid into the registry of the court. The facts here present ample ground for bill of interpleader. If this be true the bill of interpleader would avail appellee nothing unless the subject matter of the actions brought or contemplated against him could be held in abeyance pending the disposition of the interpleader. The record shows that due notice of the application for temporary restraining order was given and bond placed as a prerequisite to its requirement. It was not, therefore, improvidently granted.

The next assignment of error which we will consider challenges the authority of the chancellor to award the complainant from the funds in his hand, his costs including attorney's fees.

The rule is well settled that where a bill of interpleader is filed in good faith the complainant is entitled to his cost

from the fund held by him. 15 R. C. L. 232; 33 C. J. 469. As to the allowance of attorney's fees from this fund the authorities are divided but so far as we have been able to find the weight of authority supports the allowance for attorney's fees commensurate with the service performed from said fund. Such fee to eventually fall on the defendant who was in the wrong and made the litigation necessary. Mutual Life Ins. Co. of New York v. Farmers and Mechanics National Bank of Cad'z., Ohio, 173 Fed. R. 390; Pettus v. Hendricks, 113 Va. 326, 74 So. E. R. 191; Phoenix Ins. Co. v. Carey, 80 Conn. 426, 68 Atl. R. 993; Eves v. Sovereign Camp, W. O. W., 153 Mo. App. 347, 133 So. W. R. 657; Wright v. Grand Lodge K. P. (Tex. Civ. App.) 173 So. W. R. 270; Trustees of Internal Improvement Fund v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Morse v. Stearns, 131 Mass. 389; Grooms v. Mullett, 133 Mo. App. 477, 113 So. W. R. 683; Daniel v. Fain, 5 Lea (Tenn.) 258; 33 C. J. 470 and cases cited. Other authorities hold that counsel fees will not be allowed out of the fund brought into court where defendants are free from fraud. And, where it develops that complainant has a substantial, although not a direct, interest in the result of the litigation, his solicitors' fees should not be allowed from the said fund. This rule also applies where the party provokes a concursus. 33 C. J. 470. In all cases the allowance for attorney's fees should be limited to a reasonable fee for necessary services. In the instant case the decree of interpleader is sought by complainant for his own protection. The cost of it should be borne by him.

Other assignments of error have been considered by us. Some of them are raised for the first time in this Court and cannot be discussed. Others are predicated on the testimony but present no reversible error and will not be discussed in this opinion.

As to that part of the decree appealed from allowing attorney's fees the cause is reversed. In all other respects it is affirmed.

Affirmed in part, reversed in part.

ELLIS AND BROWN, J. J., concur.

WHITFIELD AND BUFORD, J. J., concur in the opinion and judgment.

STRUM, J., concurs in the affirmance, but is of opinion that complainant should be allowed his costs, including a reasonable sum for attorney's fees.