ESSIE C. McKINNON, Administratrix of the Estate of Maude C. Barnes, Deceased, *et al.,* v. RELIANCE INSURANCE Co.

151 So. 699.

Opinion Filed December 27, 1933.

*Philip E. Buck,* for Appellants;

*Sholtz, Green & West,* for Appellee.

TERRELL, J. — Oscar Barnes and his wife, Maude C. Barnes, perished in a common disaster by drowning in Halifax River, December 25, 1930. There is no way of knowing which one survived the other. They held two policies of insurance in the Reliance Insurance Company, appellee, aggregating Ten Thousand, Twenty-four, and Two

One-hundredths Dollars ($10,024.02). The appellants both laid claim to this fund. The appellee deposited it in the registry of the court and filed its bill in equity praying that appellants be required to interplead for the purpose of determining to which of them the said funds belonged and should be paid. By agreement of attorneys for appellants an order of interpleader was entered. A decree distributing the fund was also entered by agreement of appellants over the objection of appellee. A decree awarding the complainant, appellee here, $500.00 as solicitor's fees, to be paid from the fund deposited in the registry of the court, was entered about the same time as the preceding decrees. The instant appeal is from the latter decree.

The propriety of a decree awarding attorney's fees to the complainant, insurance company, from the proceeds of insurance for bringing an interpleader suit to determine adversary claims to the proceeds of said insurance in the registry of the court is the sole question brought here for adjudication. To support its contention that such a fee should not be allowed appellant relies on Section 4977, Revised General Statutes of 1920, Section 7065, Compiled General Laws of 1927, and Brown, et al., v. Marsh, 98 Fla. 253, 123 So. 762.

The purpose of the statute as just enumerated was to direct the course and distribution of insurance on the death of the insured and to exempt it from attachment, garnishment, or other legal process in favor of creditors unless made for the benefit of such creditors. It has no application to a judgment of attorney's fees such as that involved in this litigation.

In Brown, et al., v. Marsh, supra, this Court pointed out the division of authority on the matter of the allowance of attorney's fees in interpleader proceedings but called

attention to the fact that the weight of authority supported the affirmative of that issue, the fee to be commensurate with the service performed. In that case the attorney's fees were refused because the complainant was directly interested in the outcome of the interpleader suit.

In the instant case the situation is quite different. The complainant is a disinterested stake holder. It was in no sense responsible for the controversy necessitating the interpleader suit, was free from fraud, and reaped no benefit whatever from the result of litigation. So far as the record discloses the parties required to interplead were solely interested in the distribution of the fund. Under such circumstances the judgment below awarding attorney's fees to complainant was proper and is affirmed. The reasonableness of the fee is not questioned.

Affirmed.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.