84 So.2d 500 (1956)
The EQUITABLE LIFE ASSURANCE SOCIETY of the UNITED STATES and Marjorie C. Walsh, Appellants,
v.
Janet C. NICHOLS, Appellee.
Supreme Court of Florida. Special Division B.
January 26, 1956.
L.S. Julian, Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for Equitable Life Assur. Soc. of United States.
Aronovitz, Aronovitz & Caidin, Miami, for Marjorie C. Walsh.
*501 Charles H. Gautier and Robert M. Sturrup, Miami, for Janet C. Nichols, appellee.
ROBERTS, Justice.
We here review a final decree of the lower court adjudicating that the appellant Walsh was not entitled to the proceeds of certain life insurance policies issued by the appellant insurance company, and requiring that the appellant insurance company pay attorney's fees to the appellee Nichols, who was successful in her claim that she was entitled to the proceeds of the policies, plus one-half of the costs of the litigation.
The appellant Walsh's contention that the lower court erred in finding in favor of the appellee Nichols cannot be sustained. The evidence was ample to support the conclusion of the Chancellor that the decedent's action in changing the beneficiary under the policies from the appellant Walsh to the appellee Nichols was his free act and deed, without any undue influence on the part of the appellee Nichols. The other questions argued here by the appellant Walsh present no reversible error. Accordingly, insofar as the decree finds that the appellee Nichols is entitled to the proceeds of the insurance policies, it is affirmed.
The decree must, however, be reversed as to that portion which requires the appellant insurance company to pay to the appellee Nichols her attorney's fee. The insurance company was confronted by two claims to the policies: one by the appellant Walsh, the surviving spouse of the decedent, who claimed that the decedent had been unduly influenced by the appellee Nichols to change the beneficiary of his policies from the appellant Walsh to the appellee Nichols, and another by the appellee Nichols, who was named as the beneficiary therein. Its attempts at negotiating an agreement or settlement beween the two claimants failed, and each claimant filed a suit at law against the insurance company and the other claimant to establish their respective claims. The insurance company's cross-bill of interpleader was dismissed, and the two suits were consolidated for trial, resulting in the decree referred to above. The insurance company contends here that it was error to dismiss its cross-bill for interpleader and to require it to pay an attorney's fee to the successful claimant, Nichols, and one-half of the costs of the litigation.
As to the dismissal of the cross-bill of interpleader, there can be no doubt that the circumstances here were such as would have entitled the insurance company to file a bill of interpleader in equity. See Miller v. Gulf Life Ins. Co., 148 Fla. 1, 3 So.2d 519; McKinnon v. Reliance Ins. Co., 113 Fla. 370, 151 So. 699; New York Life Ins. Co. v. Bancroft, 122 Fla. 10, 164 So. 515. But it is equally true that a judicial decision in the suits filed against it by claimants would determine, once and for all, the proper disposition of the fund in its hands; and the consolidation of the two suits for trial served the same purpose in this respect as would have been accomplished by its cross-bill for interpleader. See 48 C.J.S., Interpleader, § 8, p. 44. The real reason for the company's complaint on this point is that it was not allowed to recover the attorney's fee and costs which, under some circumstances, may be awarded to the successful interpleader, cf. Miller v. Gulf Life Ins. Co., 148 Fla. 1, 3 So.2d 519. But even if the lower court committed technical error in denying the cross-bill for interpleader, the company would still not have been entitled to recover its attorney's fee and costs in the circumstances here present, under the decisions of this court in Drummond Title Company v. Weinroth, Fla. 1955, 77 So.2d 606, and Brown v. Marsh, 98 Fla. 253, 123 So. 762, 763. We hold, then, that the company has failed to show reversible error in respect to the denial of its cross-bill for interpleader.
The lower court was, however, in error in requiring the company to pay an attorney's fee to the successful claimant, Nichols. Section 625.08, Fla. Stat. 1953, F.S.A., under which the appellee Nichols claims a right to an attorney's fee, provides *502 that "Upon the rendition of a judgment or decree by any of the courts of this state against any insurer in favor of the beneficiary under any policy or contract of insurance executed by such insurer, there shall be adjudged or decreed against such insurer, and in favor of the beneficiary named in said policy or contract of insurance, a reasonable sum as fees or compensation for his attorneys or solicitors prosecuting the suit in which the recovery is had." This statute has consistently been interpreted by this court as authorizing the recovery of attorney's fees from the insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy. Bohlinger v. Higginbotham, Fla. 1954, 70 So.2d 911, and cases there cited. There was no controversy here between the appellee Nichols and the insurance company; the controversy was between the appellant Walsh and the appellee Nichols. The insurance company admitted liability under the policy but declined to pay either claimant until the dispute between them had been settled, either by negotiation or judicial fiat. The facts would have supported a bill for interpleader, had one been timely filed, and thus there was no "wrongful" refusal to pay the proceeds of the policy to the appellee Nichols.
It was also error to assess one-half the costs of the litigation against the company. While ordinarily, in equity, the allowance of costs rests in the sound discretion of the Chancellor, there must be a basis upon which to predicate such discretion. Moore v. Hunter, 153 Fla. 158, 13 So.2d 909. The facts of this case, when viewed in the light of the holding here, do not justify the assessment of any portion of the costs against the insurance company.
For the reasons stated, the decree is affirmed insofar as it finds that the appellee Nichols is entitled to the proceeds of the policies; and it is reversed insofar as it requires the appellant insurance company to pay an attorney's fee to the appellee Nichols and one-half of the costs of the litigation.
Affirmed in part and reversed in part.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.