CARROLL, CPIAS., Chief Judge.
• An interpleader suit involving a sum of money resulted in the discharge of the plaintiff with her costs and attorney fees and a summary judgment for payment of the balance of the money to one of the claimants. Another claimant appealed.
The question to be decided is whether, on the motions for summary judgment and the affidavits and matters filed in support and in opposition, the party to whom the money was awarded was shown to be entitled to it as a matter of law, with no genuine issues raised as to any material fact.
The defendant John R. Moses had been charged and later convicted, in Dade County, Florida, of larceny of $1,136 from the appellants Harold Vineberg, Stanley Peal and Peter DeMet, a co-partnership doing business as Coliseum Lanes (Coliseum' hereafter). When apprehended in Texas a day or so after the alleged theft, Moses had in his possession $814.16. The money taken from Moses was delivered to the constable, appellee Thelma R. Hardison, who later became the plaintiff in the inter-pleader. That suit was made necessary because of conflicting claims to the money: of Coliseum for the use and benefit of Maryland Casualty Company, as being the unspent part of money which Moses had stolen from Coliseum; and of appellees Palermo and Connelly (attorneys hereafter), who had acted as attorneys for Moses in his criminal proceedings claiming under an assignment from Moses to them of his “rights, title and interest in that certain $800 more or less in cash that was in my possession and taken from me by the arresting officers at the time of my arrest in Texas.”
Moses was made a defendant in the interpleader suit, was served with process and filed his sworn answer within the time prescribed, but did not serve copies of the answer as required under rules 1.4(a) and 1.11(a), 1954 Florida Rules of Civil Procedure, 30 F.S.A. For failure to serve the answer, a decree pro confesso was entered against Moses thereafter (rule 3.9 id., 31 F.S.A.). His answer was filed in proper person and it was entitled “Traveral [sic] to Bill of Complaint for Interpleader.” In his answer Moses contested the claim of the other parties, contending that the money was his and not stolen from Coliseum, and disclaiming the assignment to the attorneys; and, asserting that he himself was entitled to the money, moved the court to award it to him.
The preliminary decree granting interpleader, dismissing the plaintiff and allowing her costs and fees, challenged by Coliseum on this appeal, was a proper ruling by the chancellor and is affirmed. See Brown v. Marsh, 98 Fla. 253, 123 So. 762; McKinnon v. Reliance Ins. Co., 113 Fla.370, 151 So. 699; Miller v. Gulf Life Ins. *925 Co., 148 Fla. 1, 3 So.2d 519, and Drummond Title Company v. Weinroth, Fla.1955, 77 So.2d 606.
The attorneys filed motion for summary judgment supported by the assignment from Moses and by an affidavit of one of them which in turn relied on the statement in the answer filed in the case by Moses, to the effect that the money belonged to him (Moses) and was not the stolen money.
In opposition to that motion for summary judgment, and in support of their own similar motion, Coliseum filed two affidavits reciting that shortly after Moses was arrested in Texas, and before he was returned to Florida, he admitted that the money found on him there was part of the money stolen from Coliseum.
The court granted the motion of the attorneys for summary judgment, holding that the assignment to them was valid and that the money involved was “not the property of nor taken from Coliseum” and that there was no genuine issue as to those facts.
The reason alleged by the attorneys, for the written assignment from Moses which they produced, was that they had represented Moses and that he was indebted to them for fees. We do not hold the chancellor in error for concluding, in effect, that the bald disclaimer of the assignment, by Moses in his answer, without denying that the attorneys represented him or that he owed them money for their services, was so undeserving of probative respect that it did not create a genuine issue as to the existence and validity of the assignment; but we hold that the chancellor erred in accepting the belated claim in the answer of Moses that the money involved was not the stolen money, as establishing that fact in the face of two affidavits which were before the court showing Moses previously had stated the contrary. One of those affidavits was by a police officer in the arresting state who said that Moses, soon after his arrest there, had admitted that the money found on his person was the stolen money. The other affidavit was by a representative of Maryland Casualty Company who interviewed Moses in Texas a day or so after his arrest and which included a written statement made by Moses at that time, admitting the theft and admitting that the money found on him was the stolen money.[1]
*926 The chancellor excluded from his consideration those statements of Moses as revealed in the affidavits, on the theory that they were barred by the hearsay evidence rule. In their brief and in argument counsel for Coliseum contended that the admissions by Moses as shown in the said two affidavits were binding on the claimant-attorneys as the assignees of Moses. That contention of counsel for Coliseum is correct under the law, and the court was in error in concluding otherwise. The other claimant, the attorneys Palermo and Connelly did not file a brief and were not represented at the argument before this court.
The two affidavits under discussion were properly before the court as matter in opposition to the attorneys’ motion for summary judgment and in support of Coliseum’s motion for summary judgment, under rule 1.36, 1954 Florida Rules of Civil Procedure, 30 F.S.A.; and the statements or admissions of Moses contained therein were admissible and entitled to consideration as evidence, under a recognized exception to the hearsay rule, as admissions against interest.
Not only were those admissions of Moses against his interest usable against him as a party to the suit, but as the attorneys were in privity with him, claiming under him by an assignment from him, those admissions against interest were admissible and usable against them as such assignees of Moses. McDougall v. Van Brunt, 6 Fla. 570; Taylor v. Cory, Fla.1951, 53 So.2d 820; 20 Am.Jur., Evidence, §§ 593, 606; 2 Jones on Evidence, § 344 (5 ed. 1958); IV Wigmore on Evidence, §§ 1082-84 (3rd ed. 1940).
 “The declarations of a third person are admissible against a party whenever privity of estate exists between the *927 declarant and the party, the term ‘privity of estate’ generally denoting in this respect a succession in rights. The declarations of the privy in estate are deemed in law to be the declarations of the party himself. Thus, whenever a party claims under, or in the interest or right of another, the declarations of such other person pertaining to the subject of the claim are admissible against him. * * * ” 20 Am Jur., Evidence, § 593.
“The admissions or declarations of the assignor, vendor or holder of personal property, made before the sale, assignment or other disposal of his interest, are evidence against his vendee, assignee or other person claiming under him, immediately or remotely, either by act or operation of law, or by the acts of the parties. His declarations, with regard to his rights and liabilities, are evidence against anyone coming into his place after such declarations are made, or representing him in respect to such rights and liabilities.” 2 Jones on Evidence, § 344 (5 ed. 1958).
When, on a consideration of the motions for summary judgment, the necessary evidentiary effect is accorded to the Texas affidavits presenting admissions by Moses that the money found on him there was the stolen money, the case will stand in a much different light from that in which it was viewed by the chancellor at the time of the making of his decree.
The cause will be remanded for reconsideration by the chancellor of the motions for summary judgment, giving due effect to the two Texas affidavits showing admissions of Moses that the money found on him in Texas was the stolen money.
The decree is affirmed in part and reversed in part, and the cause is remanded for further proceedings not inconsistent with this opinion.
Affirmed in part and reversed in part.
HORTON and PEARSON, JJ., concur.

. The affidavit of the Texas police officer was as follows:
“State of Texas j County of El Paso J
“Before me the undersigned authority personally appeared this day Ramon Macias who, after being duly sworn, deposes and says that between September 16, 1957 and September 19, 1957 he was a police officer for the City of El Paso, Texas and still is a police officer for the El Paso police and that between September 16, 1957 and September 19, 1957 he knows of his own personal knowledge that John Raymond Moses was apprehended and that the only money in his possession on apprehension was approximately Eight Hundred Fifteen ($815.00) Dollars, which he admitted before your affiant was stolen from the Coliseum Lanes at Coral Gables, Florida.
“Further affiant saith not.
/s/ Ramon Macias
“Sworn to and subscribed before me this 29th day of March, 1958.
/s/ Cletna C. Fay
“Notary Public, El Paso County. My Commission Expires: June, 1958”.
The affidavit containing the written admissions of Moses in Texas was as follows :
“State of Texas 1 County of El Paso J
“Before me the undersigned authority personally appeared this day Robert A. Terrazas to me well known who, after being duly sworn, deposes and says that he was an employee of the Maryland Casualty Company, a Maryland corporation, on September 19, 1957 when your affiant visited the above-named John Raymond Moses in the jail in El Paso, Texas, and he interviewed him in connection with the theft of .money from the Coliseum Lanes in Coral Gables, Florida, by John Raymond Moses on or about September *926 16, 1967 and in connection therewith your affiant took a signed statement from the said John Raymond Moses which was signed by his own hand as indicated from the photostatic copy of the statement attached hereto and made a part of this affidavit by reference. [At this point in the affidavit there was inserted the following hand-written statement signed by Moses.]
“ T am John Raymond Moses, white male, age 23 and I have no permanent address although I am from Charlotte, N. C. and still have an uncle living there. Howard Davis at 2856 Georgia Avenue. I had lived in Miami around 5 months working for Lasalle Building Corp. in the remodeling of the Coliseum Lanes in Miami. I got the key to the building as I was staying in an apartment in the building keeping an eye on things. I quit working for these people about 3 weeks ago, around the 1st of September and I kept a key to the Coliseum Lanes. I had not worked since then. On the night of September 16, 1957 at about 3 :30 A.M. or 4:00 A.M. I was going back to my room from a bar where I had been drinking. I passed by the Coliseum Lanes and since I knew I had the key I decided to go in and get some cigarettes. The place was all locked up. When I got my cigarettes I noticed the safe on the floor and I checked to see if it would open. The cover was off but the door was shut. I tried it and it was open so I took the money out of it. There was about $1,000 in there. I had been drinking quite a bit and I guess this is why X did it. I bought an airplane ticket for $120 to El Paso and I bought some meals there. I had a party in Juarez and spent about $60 over there. I was picked up with about . $815 of the money I stole and put in jail in El Paso. I want to pay all the money I took back and I only wish I had it all now. I am going to California to work, I can be reached at Ripley, California in care of general delivery. I want to go to work for a fellow named Davis who owns a big cotton farm there. The name is Consolidated Cotton Farms. I have read the above statement of 2 pages and I find it true and correct.
“ ‘I hereby authorize the Maryland Casualty Company or its agents to have access to or to remove from my personal property all the money which was taken by me from Coliseum Lanes, Miami, Fla., in the amount of around $815.
/s/ John R. Moses’
“Further affiant saith not.
/s/ Robert A. Terrazas
“Sworn to and subscribed before me this 20 day of March, 1958.
/s/ Eva I. Appel
“Notary Public. My commission expires: 5-31-59.”