## AID ASSOCIATION FOR LUTHERANS v. NEAL, et al.
### No. 66-C-7540.

Circuit Court, Dade County.

March 31, 1967.

Copeland, Therrel, Baisden & Peterson, Miami Beach, for plaintiff.

Harry W. Prebish, Miami, for defendant Glenn Neal.

Eugene P. Spellman, Miami, for minor defendants.

JAMES LAWRENCE KING, Circuit Judge.

This cause came on to be heard upon the motion for the assessment of an attorney's fee by the defendant Glenn Neal, upon the motion for attorney's fees by Eugene P. Spellman, as attorney ad

litem and guardian ad litem for the minor defendants, Colleen Neal, Linda Neal, Randall Neal and Douglas Neal (hereinafter referred to as "the minor defendants"), and upon the motion for attorney's fees by the plaintiff-insurer, Aid Association for Lutherans.

After hearing argument of counsel, after consideration of the pleadings, and after study of the memoranda of law submitted by the parties, the court finds —

The plaintiff originally filed a complaint entitled "Complaint for Declaratory Decree and Interpleader". Answer was filed by the defendant Glenn Neal and, after appointment of the guardian ad litem and attorney ad litem for the minor defendants, answer and crossclaim was filed on their behalf.

The plaintiff's complaint and the answers filed thereto created no genuine issues of material fact or questions of law except as to the following — each of the three certificates of insurance issued by the plaintiff on the life of the insured, Lucille D. Neal (which certificates of insurance and their respective amounts are set forth in this court's summary final decree as to determination of amounts of proceeds due under life insurance contracts) provided that accidental death benefits would be paid to the beneficiary provided the death resulted directly, and independently of all other causes, from accidental bodily injury.

The plaintiff in its complaint alleged that it did not know whether the beneficiaries were entitled to accidental death benefits under the insurance certificates because it was in doubt as to whether or not the death of the insured was accidental.

The defendant Glenn Neal and the minor defendants alleged in their answers that the death of the insured was accidental, and that they were entitled to the accidental death benefits, or double indemnity.

The defendant Glenn Neal, by motion for summary judgment, and the minor defendants, by motion for judgment on the pleadings, sought a decree from this court holding that the death of the insured was accidental and that the beneficiaries were entitled to recover the accidental death benefits.

The plaintiff filed a memorandum in opposition to the motion for decree on the pleadings and appeared before this court and orally argued that the defendants were not entitled to a decree on the pleadings that accidental death benefits were payable for a death resulting from "accidental bodily injury".

The minor defendants thereafter filed a motion for summary final decree to resolve the question whether the plaintiff was obligated to pay the accidental death benefits, filing 17 affidavits in support of the motion. The plaintiff filed no counter-affidavits in opposition to the motion.

At the time of the hearing on the motion for summary final decree to determine whether the plaintiff was liable for the payment of accidental death benefits, the attorneys for the plaintiff opposed the granting of the summary final decree. The affidavit of plaintiff's counsel in support of its motion for attorney's fees stated that plaintiff's counsel "attended the hearing and argued against the motion for summary final decree."

The plaintiff is seeking attorney's fees on the grounds that it filed the interpleader action in good faith, and that it is merely a disinterested stakeholder.

The plaintiff by virtue of the allegations in its complaint, by virtue of its opposition to the motion for a decree on the pleadings and by virtue of its opposition to the motion for summary final decree on the question of whether it was liable for the payment of accidental death benefits, clearly demonstrated that it was not a disinterested stakeholder as to the question of the payment of accidental death benefits.

Where an "alleged" innocent stakeholder in an interpleader action is not a disinterested party as to the result of the litigation, his attorney's fees canont be allowed from the fund placed in the registry of the court. Brown v. Marsh, 98 Fla. 253, 123 So. 762.

The defendants by and through their respective attorneys were successful in proving their case that the plaintiff-insurer was liable for the accidental death benefits under the policies — which benefits amounted to an additional $28,200 for the beneficiaries.

The court has heretofore rendered a decree against the insurer in favor of the beneficiaries. Under provisions of §627.0127, Florida Statutes, the court may award reasonable amounts as fees for the beneficiaries' attorneys.

All parties agreed that evidence with respect to reasonable attorneys' fees could be determined by the filing of affidavits, and after consideration of the affidavits filed on behalf of the defendants' attorneys and after consideration of the file in this cause, after consideration of the memoranda of law and after

consideration of the appearances before this court by defendants' attorneys and the additional $28,200 in insurance benefits which they were successful in obtaining by judicial decree, it is ordered and decreed —

Harry W. Prebish, as attorney for the defendant Glenn Neal is awarded an attorney's fee in the amount of $2,500 to be paid by the plaintiff-insurer, for which sum let execution issue.

That Eugene P. Spellman, as attorney for the minor defendants, is awarded an attorney's fee in the amount of $1,500 to be paid by the plaintiff-insurer, for which sum let execution issue.

That Eugene P. Spellman is entitled to further fees to be charged against the fund placed in the registry of the court for his services as attorney ad litem and guardian ad litem for the minor defendants upon such time as he shall file a final report with the court.

That the motion of the plaintiff for attorney's fees to be paid out of the fund deposited in the registry of the court on the ground that it was a disinterested stakeholder in this action for interpleader is denied.

That the motion for assessment of costs filed by the respective parties to this cause will be determined upon a subsequent hearing.