230 So.2d 37 (1970)
Maria De Las Mercedes Gomez Y Vivanco DeGARCIA, Appellant,
v.
Mario SEIGLIE et al., Appellees.
No. 2457.
District Court of Appeal of Florida. Fourth District.
January 5, 1970.
B.F. Paty, Jr., and Edward D. Lewis, of Paty, Downey, Lewis & Daves, Palm Beach, for appellant.
Harold L. Ward, of Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, for appellee Mario Seiglie.
Jon C. Moyle, of Moyle, Gentry & Jones, West Palm Beach, for appellees Rocha y *38 Gomez de Economou and Thomas J. Economou.
OWEN, Judge.
Appellant was one of several defendants in an interpleader action. The merits were decided adversely to her claim. Thereafter, by separate order the trial court assessed against appellant not only the attorney's fee awarded to the plaintiff's attorney, but also an award of attorney's fees for a co-defendant's attorney and the fee awarded to the guardian ad litem representing two minor co-defendants. The appeal is from this separate order.
The plaintiff was an officer of a trust company in Cuba prior to the Castro Revolution. As such trust officer he had in possession certain stock certificates payable to bearer to which he claimed no ownership interest. Plaintiff's only interest in the stock was that of a fiduciary to see that it was properly delivered. Appellant claimed absolute ownership of the stock and made demand upon plaintiff for the delivery of the stock certificates to her. Appellant's three children, one an adult married daughter (appellee Economou) and two minors, claimed that the appellant's interest in the stock was limited to a life estate, with the remainder interest in them. Faced with these conflicting claims plaintiff filed this interpleader action naming appellant and her three children as defendants. The court determined that appellant had only a life estate in the stock with the remainder interest in her three children.
Appellant does not question on this appeal the court's determination of the merits of the controversy nor of the assessment against her of a fee for the guardian ad litem for the minor co-defendants. The attack made here is solely as to the assessment against appellant for the fee awarded to the plaintiff's attorney and the fee awarded to the attorney for the co-defendant, appellee Economou.
The award of attorney's fees to plaintiff's attorney was proper. The plaintiff was clearly a disinterested stakeholder who was in no sense responsible for bringing about the conflicting claims between appellant and her children, and who acted without unreasonable delay in filing the interpleader action seeking judicial determination of the conflicting claims. Miller v. Gulf Life Insurance Company, 1941, 148 Fla. 1, 3 So.2d 519; McKinnon v. Reliance Insurance Company, 1933, 113 Fla. 370, 151 So. 699; Lucco v. Treadwell, Fla.App. 1961, 127 So.2d 461. The fact that plaintiff held the stock certificates in a fiduciary capacity did not make the interpleader decree one which plaintiff "sought for his own protection" within the meaning of Drummond Title Co. v. Weinroth, Fla. 1955, 77 So.2d 606 and Brown v. Marsh, 1929, 98 Fla. 253, 123 So. 762, upon which appellant relies.
Generally, any award of attorney's fees to the plaintiff in interpleader is paid from the fund which has been brought into court. McKinnon v. Reliance Insurance Company, supra; Lucco v. Treadwell, supra. In the case of Brown v. Marsh, supra, it was noted (but not held) that when such attorney's fee is paid from the fund, the burden eventually falls on the defendant who was in the wrong and who made the litigation necessary. A similar view was expressed in Lucco v. Treadwell, supra, where it was held that by virtue of the ultimate liability [to reimburse the fund for the plaintiff's attorney's fee] resting upon the unsuccessful claimant, it was not reversible error for the court to assess the award directly against such defendant rather than assessing the award against the fund.
That portion of the order which awarded attorney's fees to plaintiff's attorney and which assessed such fees against appellant as the unsuccessful claimant is affirmed.
*39 In our opinion it was improper for the court to award attorney's fees to the attorney for the co-defendant Economou.
The purpose of a suit in interpleader is to permit one as plaintiff to bring a fund into court in which he claims no interest and to require those claiming the fund to litigate their differences between themselves. Miller v. Gulf Life Insurance Company, supra; Brown v. Marsh, supra; Lowry v. Downing Manufacturing Co., 1917, 73 Fla. 535, 74 So. 525. When the court determines as a preliminary issue that the suit is one in which interpleader is proper, the court can require appropriate pleadings between the defendants and the suit in effect becomes a new and independent proceeding between the defendants. Wainright v. Connecticut Fire Insurance Company, 1917, 73 Fla. 130, 74 So. 8.
In the present case, the real controversy was between the appellant on the one hand, and her children (including appellee Economou) on the other hand. We see no rational distinction between their status as adversaries in the interpleader action and their status as adversaries which they would have occupied had the mother brought suit against her children seeking a judicial determination of their respective rights under the same stock certificates. In this latter event there would have been no basis, following a determination of the merits of the controversy, to award a fee to the attorney for the successful party. Subject to certain exceptions none of which appear to be relevant in this case, the law seems to be well settled in this jurisdiction that attorney's fees cannot be taxed as costs in the absence of statute, contract or agreement of the parties. Codomo v. Emanuel, Fla. 1956, 91 So.2d 653; Shavers v. Duval County, Fla. 1954, 73 So.2d 684; 8 Fla.Jur., Costs, § 33. None of these conditions existed here.
Appellee Economou contends on this appeal that the efforts of her attorney in the trial court preserved or protected a fund and that consequently the court had discretionary power to award an attorney's fee from the fund. Lewis v. Gaillard, 1915, 70 Fla. 172, 69 So. 797. The fallacy of this argument is that the attorney did not preserve or protect a fund but only preserved or protected his client's right to a remainder interest in the fund. Finally, appellee Economou suggests that in some manner F.S. 1967, Sections 690.13 (2) and 690.14(1), F.S.A., are statutory authority to justify an award of attorney's fees in this case. They are not.
That portion of the order awarding attorney's fees to the co-defendant Economou, is reversed. In all other respects the order is affirmed.
Affirmed, in part; reversed, in part.
CROSS, C.J., and WALDEN, J., concur.