411 So.2d 1324 (1982)
BACHE HALSEY STUART SHIELDS INCORPORATED, Appellant,
v.
Christine R. WITOUS and John M. Witous, Appellees.
No. 81-1396.
District Court of Appeal of Florida, Second District.
February 12, 1982.
*1325 Curtis Carlson of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellant.
James E. Deakyne, Jr., and Robert F. Nunez, St. Petersburg, for appellees.
GRIMES, Judge.
This appeal involves the question of whether appellant is entitled to an award of attorney's fees for the prosecution of its claim of interpleader.
Christine R. Witous brought suit against appellant, a stock brokerage firm, alleging that on July 16, 1979, and August 31, 1979, she invested with it more than $165,000 of assets which belonged to her in a joint survivorship account in her name and that of her husband, John M. Witous. She further alleged that on October 5, 1979, she requested that appellant issue to her in her name only a check for $145,603.08 or reinvest that amount in her name only. However, she asserted, appellant had failed to comply with either of her requests. In count I Mrs. Witous sought compensatory damages for breach of contract, and in count II she sought compensatory and punitive damages for unlawful conversion. She attached a copy of an unsigned joint account agreement which by its terms would have authorized payment of the funds in the account to either owner without permission of the other. She also attached a letter dated October 4, 1979, from her attorney to appellant which returned appellant's checks for $145,603.08, dated September 5 and 6, 1979, and made payable to both Mr. and Mrs. Witous and which demanded checks in the identical amount payable only to Mrs. Witous.
Appellant filed a counterclaim and third-party complaint against Mr. Witous in interpleader, alleging that on or about September 1, 1979, the marriage of Mr. and Mrs. Witous became irretrievably broken, that a divorce proceeding was pending between them, and that both parties were claiming a right to the funds and securities held in the joint account. Appellant disclaimed any interest in the account and offered to deliver the funds and securities to the court. It also prayed for a release from the peril of double liability and an award of reasonable attorney's fees for bringing the suit.
*1326 Appellant next filed a motion for order of interpleader and other relief in which it requested authority to place the funds and securities into the registry of the court pending a resolution of conflicting claims and requested a determination of reasonable attorney's fees. It also moved for summary judgment with respect to count II of Mrs. Witous's complaint on the premise that a suit for conversion would not lie to enforce an obligation to pay money. Appellant later filed a supplementary motion for summary judgment, alleging that the marriage of Mr. and Mrs. Witous had now been dissolved and that the final judgment of dissolution directed Mr. Witous to execute such papers as were necessary to release to Mrs. Witous all his claims in the joint account. None of these motions were heard until the date of the trial on March 11, 1980. At that time, the court granted appellant's motion for summary judgment but only with respect to count II. Thereupon, Mrs. Witous took a voluntary dismissal without prejudice of count I. The court then denied appellant's motion for order of interpleader and other relief.
Florida Rule of Civil Procedure 1.240 governs the scope of interpleader actions. It states:
Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claim of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties otherwise permitted.
A party who is entitled to sue in interpleader is ordinarily permitted to recover his reasonable attorney's fees from the interpleaded fund. Miller v. Gulf Life Insurance Co., 148 Fla. 1, 3 So.2d 519 (1941); McKinnon v. Reliance Insurance Co., 113 Fla. 370, 151 So. 699 (1933). However, in Ellison v. Riddle, 166 So.2d 840, 841 (Fla. 2d DCA 1964), after referring to the rule of civil procedure on interpleader, this court said:
Even though an interpleader action may be maintained under this rule, it does not necessarily follow that in every such action the court must award costs and attorney's fees to the interpleading plaintiff. In order to be entitled to such an award the plaintiff must prove his total disinterest in the stake he holds other than that of bringing it into court so that conflicting claims thereto can be judicially determined. The plaintiff must also show he did nothing to cause the conflicting claims or to give rise to the peril of double vexation. Paul v. Harold-Davis, Inc., 1945, 155 Fla. 538, 20 So.2d 795.
Accord, Wolf v. Horton, 322 So.2d 71 (Fla. 3d DCA 1975). Thus, there may be circumstances under which a party may properly sue in interpleader and yet be denied attorney's fees if the need for interpleader was unnecessarily precipitated by his conduct.
It may be that the court here finally denied appellant's motion for an order of interpleader because at that time the case was over and the issues were moot. Be that as it may, if appellant was entitled to sue for interpleader in the first place, it was also entitled to attorney's fees unless it did something to expose itself to the double liability it ultimately sought to avoid.
Based upon the undisputed facts which can be gleaned from the pleadings before us, we believe that appellant fell within the provisions for interpleader. Both Mr. and Mrs. Witous were making conflicting claims to the account, and appellant was in the position of a stakeholder. The joint account agreement which would have permitted payment to Mrs. Witous upon her request was unsigned. What we cannot tell, because no testimony has been taken on the subject, is whether appellant did something to cause the conflicting claims or *1327 to give rise to the peril of double vexation. We, therefore, reverse the denial of appellant's request for attorney's fees and remand the case for an evidentiary hearing. If the court awards a fee and the proceeds of the joint account have already been distributed, the court will have to require the distributee to pay the fee.
BOARDMAN, A.C.J., and RYDER, J., concur.