DANIEL S. PEARSON, Judge.
Antonio Cardet, proposing to sell certain real estate owned by him, listed his property with Rafter and Fernandez, real estate brokers. Thereafter, Cardet’s co-appellee, Miami Gables Realty, Inc., found a buyer for the property. When, in December 1979, the property was sold, Cardet executed a promissory note in the amount of $105,000 payable to Miami Gables as a brokerage commission, acknowledging therein that Miami Gables was the procuring broker for the sale. The appellants claimed that they, not Miami Gables, had procured the buyer and were entitled to the brokerage commission. Cardet refused to pay the appellants, and when his note came due in January 1980, refused to pay Miami Gables. Miami Gables Realty and appellants brought separate suits against Cardet in January and February 1980. Cardet defended these actions for about six months, after which, in August 1980, he filed an action in inter-pleader against the competing brokers.
The three pending actions were consolidated for non-jury trial. The trial court ruled that interpleader was proper and ordered Cardet to deposit the $105,000 in an interest-bearing account.[1] After trial, the court entered its judgment, finding that Miami Gables Realty was entitled to the brokerage commission; dismissing appellants’ action with prejudice; awarding attorneys’ fees and costs to Cardet from the interpleaded fund; and, in turn, ordering that the appellants reimburse the fund for Cardet’s fees and costs.
Rafter and Fernandez appeal only that part of the judgment awarding Cardet attorneys’ fees and costs. They do not quarrel with the proposition that if Cardet was entitled to his fees and costs from the fund, that the trial court was empowered to require them, as unsuccessful claimants, to reimburse the fund. See Brown v. Marsh, 98 Fla. 253, 123 So. 762 (1929); Al Ro, Inc. v. Palermo, 230 So.2d 57 (Fla. 2d DCA 1970); DeGarcia v. Seiglie, 230 So.2d 37 (Fla. 4th DCA 1970); Lucco v. Treadwell, 127 So.2d 461 (Fla. 2d DCA 1961). They do, however, assert that Cardet was not entitled to an award of fees and costs ab initio. We agree.
Whether Cardet’s interpleader could be properly maintained and whether the court should award costs and attorneys’ fees to *353 the interpleading plaintiff are separate and distinct questions. Thus, it does not follow from the court’s finding that interpleader was proper, or from appellants’ failure to object to the interpleader action, that the award of costs and fees to Cardet was correct, or, alternatively, that the appellants have waived their right to object to such an award. See Drummond Title Co. v. Weinroth, 77 So.2d 606 (Fla.1955); Wolf v. Horton, 322 So.2d 71 (Fla. 3d DCA 1975); Bache Halsey Stuart Shields Inc. v. Witous, 411 So.2d 1324 (Fla. 2d DCA 1982); Ellison v. Riddle, 166 So.2d 840 (Fla. 2d DCA 1964).
A plaintiff in interpleader is not entitled to attorneys’ fees unless he establishes that his conduct meets certain standards. He must show that he is a disinterested, innocent stakeholder or, otherwise stated, that he is not responsible for creating the conflicting claims to the fund; that he has not instituted the action for his own protection; and that he has sought an expeditious judicial determination of the conflicting claims. Drummond Title Co. v. Weinroth, 77 So.2d 606; Brown v. Marsh, 98 Fla. 253, 123 So. 762; Wolf v. Horton, 322 So.2d 71; Davis v. Davis, 301 So.2d 154 (Fla. 3d DCA 1974). The record in the instant case reveals that Cardet totally failed to make such a showing; indeed, Cardet fails each of the tests.
First, Cardet’s actions caused the conflicting claims. He executed a promissory note in the amount of the commission to Miami Gables Realty, acknowledging therein that Miami Gables was the procuring broker, yet later admitting that he had given the appellants an open listing. He failed to pay the note when it came due, giving rise to Miami Gables Realty’s claim for payment of the promissory note.
In Kurz v. New York Life Insurance Company, 168 So.2d 564 (Fla. 1st DCA 1964), the insurance company received notice of a change in beneficiary three days before the insured’s death. The insured had changed the beneficiary of his policy from his former wife to his current wife. Each of the wives notified the insurance company that she claimed the proceeds of the policy. The insurer decided that the change in beneficiary had been accomplished and so notified the former wife, who then sued the insurer and the current wife, asking for a decree declaring her the beneficiary. The current wife counterclaimed, asserting that she was entitled to the proceeds. The insurer refused to pay either claimant and counterclaimed in interpleader. The trial court ruled, inter alia, that the current wife was entitled to the policy proceeds and that the insurer was not entitled to fees. The appellate court affirmed these rulings. The court noted that the insurer, despite its contention that it withheld the proceeds because of the conflicting claims, had recognized that the current wife was the rightful beneficiary, but had, nevertheless, refused to pay her the proceeds. The court found that the insurer thereby contributed substantially to the existence of the problem which gave rise to the litigation and therefore was not a mere stakeholder entitled to attorneys’ fees. Similarly, Cardet, by acknowledging Miami Gables’ claim to the commission, ceased to be a disinterested stakeholder.
Second, it is apparent that Cardet filed the interpleader action for his own protection. The complaint in interpleader was filed well after the actions against Car-det were filed by the competing brokers. In the absence of an extraordinary circumstance which would excuse an interpleader-plaintiff from filing suit before actions are brought against him, see Davis v. Davis, 301 So.2d 154 (where insurance company was sued nine days after death of insured, and there is nothing to indicate its prior knowledge of either the insured's death or conflicting claims, insurance company is entitled to fees on interpleader counterclaim, notwithstanding that interpleader action was filed subsequent to beneficiary’s suit), a plaintiff in interpleader is not entitled to attorneys’ fees when the interpleader action is brought after he has been sued by one of the defendants in the interpleader proceedings. Equitable Life Assurance Society v. Nichols, 84 So.2d 500 (Fla.1956); Drummond Title Co. v. Weinroth, 77 So.2d 606; *354 Brown v. Marsh, 98 Fla. 253, 123 So. 762; Davis v. Modern Woodmen of America, 118 So.2d 805 (Fla. 3d DCA 1960). In Drummond Title Co. v. Weinroth, the title company, acting as escrow agent, refused to release funds held by it when a controversy arose among the seller, purchaser and procuring broker of a real estate transaction. It was not until after the purchaser sued the escrow agent for release of the funds that the title company filed its bill in inter-pleader. Although the court found that the plaintiff in interpleader was a disinterested stakeholder which had acted fairly to all parties, it nonetheless held that the title company was not entitled to attorneys’ fees. The court, relying on Brown v. Marsh, 98 Fla. 253, 123 So. 762, said that because the title company had waited until it had been sued before filing its claim in interpleader, the interpleader action was one brought for the title company’s own protection, disentit-ling it to fees and costs.
In the present case, Cardet waited approximately six months after the suits by Miami Gables Realty and the appellants were brought against him before filing his complaint in interpleader. Thus, at the time Cardet filed his complaint, he was faced with actions seeking recovery on a promissory note, on a contract for a brokerage commission, and in tort[2] — claims which were certainly not mutually exclusive. We are compelled to conclude that Cardet’s complaint in interpleader was filed for his own protection, which alone, under the authority of Brown v. Marsh and its progeny, precludes Cardet from recovering his costs and attorneys’ fees.
A third prerequisite to an award of attorneys’ fees is that the plaintiff must seek an expeditious judicial determination of the conflicting claims, see Davis v. Davis, 301 So.2d 154, or, otherwise stated, must act without unreasonable delay in filing the interpleader action, DeGarcia v. Seiglie, 230 So.2d 37. Cardet incurred the debt to pay the brokerage commission when the property was sold in December 1979. He did not file his complaint in interpleader until August 1980, approximately seven months from the date of the sale and six months after the filing of the second lawsuit against him. He did not put the disputed sum, $105,000, into an escrow account until after he was ordered to do so on November 13, 1980. Thus, it can hardly be said that Cardet, who had the use of the disputed fund for approximately ten months after he became indebted to pay one or the other of the brokers the commission, acted expeditiously in seeking a judicial determination of the disputed fund.
Finding no merit in appellees’ contention that appellants failed to preserve properly the issue on this appeal, we reverse that part of the trial court’s Amended Final Judgment in Interpleader which provides that Cardet “shall recover from the inter-pleaded fund reasonable attorneys’ fees and costs incurred by the necessity of the prosecution of this action” and “that any attorneys’ fees and costs awarded to Antonio Cardet from the fund ... shall be taxed as costs in favor of Miami Gables Realty, Inc. and against the unsuccessful claimants, Richard W. Rafter and Henry Fernandez.” Accordingly, we direct the trial court to delete from the final cost judgment in favor of Miami Gables Realty, Inc. the $8,000 attorneys’ fee and the $609.94 of costs awarded from the fund to Antonio Cardet.
Reversed with directions.

. Although inconsistent with the trial court’s finding that interpleader was proper, Cardet was not dismissed from the action.

. Rafter and Fernandez’s action also included a count against Cardet and Miami Gables Realty alleging a conspiracy to tortiously interfere with Rafter and Fernandez’s business relations with Cardet.