## BRYLINSKI v CORLESS and FRANKLIN LIFE INSURANCE COMPANY

Case No. 88-8209 SP 25 A

County Court, Dade County

November 8, 1989

### APPEARANCES OF COUNSEL

John Goodman, Esquire.

James H. Wakefield, Esquire.

Scott R. McNary, Esquire.

### OPINION OF THE COURT

MARVIN H. GILLMAN, County Judge.

*ORDER GRANTING ORE TENUS MOTION TO AMEND COMPLAINT AND FINAL JUDGMENT FOR PLAINTIFF*

THIS CAUSE came on to be heard before the Court for trial on

October 12, 1989 and the Court having considered the testimony presented and the legal arguments of the respective parties, makes the following findings of fact and rulings of law.

This is an action to collect death benefits of a life insurance contract previously paid to Defendant, RALPH CORLESS, by Defendant, FRANKLIN LIFE INSURANCE COMPANY.

In 1953, Shirley Corless (late known as Shirley Brylinski) purchased a life insurance policy for $1,000.00 from the Defendant, FRANKLIN LIFE INSURANCE COMPANY naming RALPH C. CORLESS, Husband, as primary beneficiary and Ross Hamilton, Father, as first contingent beneficiary. Ralph and Shirley Corless were divorced on September 8, 1982 and at that time executed a property settlement agreement which indicated the parties desire to divide their respective property and terminate all claims each one might have to, through or under the other. Shirley Corless neglected to change the name of the beneficiary on the subject life insurance policy which had been paid in full in 1973. She married the Plaintiff, STANLEY BRYLINSKI, in 1983 and died in April, 1987 leaving behind a Last Will and Testament which provided that STANLEY BRYLINSKI was to be the sole personal representative of her estate, as well as the sole beneficiary of her estate.

After Shirley Corless Brylinski's death, STANLEY BRYLINSKI discovered the FRANKLIN LIFE INSURANCE Policy at the rear of a filing cabinet in the Brylinski home. Upon discovery of the policy, STANLEY BRYLINSKI notified FRANKLIN LIFE INSURANCE COMPANY of his interest in the proceeds which by this time amounted to $2,241.51 which FRANKLIN LIFE INSURANCE COMPANY thereafter paid to RALPH CORLESS.

The Court was presented this policy of insurance, the property settlement agreement between Shirley and RALPH CORLESS executed September 8, 1982 and the Last Will and Testament of Shirley Corless Brylinski. At the conclusion of the evidence and testimony counsel for Plaintiff, STANLEY BRYLINSKI, moved *ore tenuis* to amend the style of the action to be STANLEY BRYLINSKI as personal representative of the Estate of Shirley Brylinski, Deceased. The parties relief upon the law expressed in *O'Brien v Elder,* 250 F.2d 275 (5th Cir. 1958) and *Davis v Davis,* 301 So.2d 154 (3d DCA 1974).

Upon due consideration of the evidence presented and the cornerstone upon which each party's position rests, to-wit: the intention of the parties (RALPH CORLESS and Shirley Corless as to whom shall receive the proceeds of the subject life insurance policy) which is to be

230

determined by a reasonable construction of the entire settlement agreement, it is the Court's finding that the Defendant, RALPH CORLESS, relinquished any interest, right or claim he may have had in the insurance proceeds of Shirley Corless Brylinski's insurance policy with FRANKLIN LIFE INSURANCE COMPANY when he executed the property settlement agreement on September 8, 1982. The law of *O'Brien* is controlling and *Davis* is consistent with the basis of *O'Brien*. FRANKLIN LIFE INSURANCE COMPANY erroneously paid the policy proceeds to RALPH CORLESS.

In addition to the foregoing, the Court was advised that Ross Hamilton, Father of the insured Shirley Corless Brylinski had pre-deceased the insured having demised on May 21, 1983, evidence by a death certificate from Newburyport, Massachusetts dated May 25, 1983.

WHEREFORE it is hereby

ORDERED and ADJUDGED:

1. Plaintiff's *ore tenuis* motion to amend the style of the case to STANLEY BRYLINSKI, as personal representative of the estate of Shirley Brylinski, Deceased, is granted.

2. That Judgment be entered for Plaintiff and against the Defendants, RALPH CORLESS and FRANKLIN LIFE INSURANCE COMPANY, in the sum of $2,241.51 plus interest in the amount of $672.45.

3. That costs be awarded Plaintiff against Defendants in an amount to be determined by the Court upon motion and hearing.

4. That the Court reserves jurisdiction to assess attorney's fees against the Defendant, FRANKLIN LIFE INSURANCE COMPANY, pursuant to Florida Statute § 672.428 which will be considered by the Court upon motion and hearing.

DONE and ORDERED in Chambers at Coral Gables, Dade County, Florida this 8th day of November, 1989.