166 So.2d 840 (1964)
Andrew ELLISON, Thomas McGinty, Jr., and American Title Insurance Company, a Florida corporation, Appellants, and
James S. Hunt et al., Joinder-Appellants,
v.
David L. RIDDLE, Title & Trust Company of Florida, a Florida corporation, Appellees.
No. 3992.
District Court of Appeal of Florida. Second District.
August 7, 1964.
Rehearing Denied September 3, 1964.
John W. Stanford, of English, McCaughan & O'Bryan, Fort Lauderdale, for appellants.
George A. Patterson, of Patterson & Maloney, and Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for joinder-appellants.
Harry T. Gray and Francis P. Conroy, of Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
*841 SMITH, Chief Judge.
We refer to the appellants as the Ellison group, the joinder-appellants as the Hunt group, and the appellees as the Riddle group. The Hunt group initiated this action by filing a complaint in the trial court against the Ellison and Riddle groups seeking either a determination in the nature of an interpleader or a declaratory decree in connection with their efforts to sell a block of controlling corporate stock.
The Ellison group counterclaimed against the Hunt group and cross-claimed against the Riddle group claiming the right to buy from either group all or one-half of the stock involved.
After the pleadings had resolved the issues the court heard the testimony of the parties. A final decree was entered in favor of the Riddle group and against the Ellison group as to the stock purchase rights. The Hunt group received the total price of the stock so sold, but the court denied their prayer for costs and attorney's fees.
The Ellison group appealed. The Hunt group filed a joinder in appeal and separate assignments of error which involved only the denial of costs and attorney's fees.
The facts, as stated by the parties, are extremely lengthy and no one of the groups agrees with the facts as stated by any one of the other groups. A recital of the myriad of complicated and confused actions and reactions which occurred between the parties in their multiple negotiations for the stock in question would require the filling of many pages without the serving of any useful purpose.
The existing law of Florida as to the maintenance of an action in the nature of an interpleader was expanded when Rule 3.13 of the Florida Rules of Civil Procedure was adopted in 1962, 31 F.S.A. Even though an interpleader action may be maintained under this rule, it does not necessarily follow that in every such action the court must award costs and attorney's fees to the interpleading plaintiff. In order to be entitled to such an award the plaintiff must prove his total disinterest in the stake he holds other than that of bringing it into court so that conflicting claims thereto can be judicially determined. The plaintiff must also show he did nothing to cause the conflicting claims or to give rise to the peril of double vexation. Paul v. Harold-Davis, Inc., 1945, 155 Fla. 538, 20 So.2d 795.
The record reveals competent evidence in support of the chancellor's finding that the Hunt group failed to meet the above tests which, if met, would have entitled them to have their costs and attorney's fees paid by the other parties. A study of the record warrants the conclusion that the real purpose of the Hunt group in bringing the action was to enable them to sell and be paid for their stock, which purpose they accomplished. This is inconsistent with the idea of a disinterested stakeholder. The paramount interest of the Hunt group was in making a sale of their stock not simply an interest in distributing it. This is evidenced by the fact that the Hunt group actively tried to sell the stock to either or both of the Ellison and Riddle groups. Under these circumstances the court was correct in requiring them to bear their own costs and attorney's fees. See Brown v. Marsh, 1929, 98 Fla. 253, 123 So. 762, and 18 Fla.Jur., § 18, Interpleader.
The chancellor's finding that no joint adventure existed between the Riddle and Ellison groups settled the issues between them.
The record is voluminous and the efforts of both the Ellison and Riddle groups to purchase the stock from Hunt, although supported in the record by some documentation, are mainly evidenced by the oral testimony of the parties who were examined by the chancellor. He recognized that a joint adventure is founded entirely in contract which may be either express or implied in whole or in part from the acts and conduct of the parties and from the construction they place upon the contract between them. *842 The chancellor also recognized no formal agreement is necessary, but that there must be consideration for such a joint adventure contract. See Kislak v. Kriedian, 1957, Fla., 95 So.2d 510.
There was a great deal of conflicting testimony. These conflicts were resolved by the conclusions of the chancellor and his judgment comes here with a presumption of correctness. We find there was substantial, competent evidence to support the conclusions reached by the chancellor and hence they rest on valid grounds.
The decree is affirmed.
WHITE, J., and SAMPLE, WALLACE, Associate Judge, concur.