PIERCE, Judge.
This appeal is by one of the defendants below, Al Ro, Inc., in an interpleader action. The case involved a dispute as to sharing of a real estate commission. The main question presented is whether the other defendant below, Bert Chase, was entitled to participate in the brokerage commission upon the sale of property negotiated by Al Ro.
This is not an ordinary action brought by a broker to recover a commission from the sellers upon the sale of property, or from another broker upon one with an exclusive listing. Therefore, whether Chase had an exclusive listing of the property involved, or whether he was a procuring cause of the sale or abandoned negotiations, is not pertinent.
In this case Al Ro agreed to pay Chase $5,000.00 of the $20,000.00 commission set forth in an Agreement of Purchase and Sale executed by the seller and purchasers on February 4, 1966, after an agreement had been reached between Al Ro and Chase as to the division of the commission.
Al Ro contends that the agreement to split the commission with Chase was based *58 upon misleading representations in that the agreement was made on the express conditions that Chase had an option on the property, an exclusive agency agreement with the sellers, a contract with the purchaser, and a $1,000.00 deposit from the purchasers.
The record shows that one of the representatives of the seller made statements to Cannella, a salesman for Al Ro, and to Chase, Palermo (the plaintiff-interpleader) and others, that the Agreement of Purchase and Sale would not be signed until Can-nella worked out an “arrangement” with Chase. Also, one of the purchasers testified that if there was to be a dispute regarding the commission he did not want to become involved in it and unless the contract was signed that day he was withdrawing his offer on the property.
Upon review of the record in light of the briefs and oral arguments, we conclude that the lower Court was correct in finding that Al Ro failed to sustain the allegations contained in its defenses and cross-claim.
Al Ro also contends that the plaintiff in the interpleader suit is not entitled to attorney’s fees and costs and that the Court erred in assessing the same against Al Ro, Inc.
This Court said in Ellison v. Riddle, Fla.App.1964, 166 So.2d 840:
“In order to be entitled to such an award the plaintiff must prove his total disinterest in the stake he holds other than that of bringing it into court so that conflicting claims thereto can be judicially determined. The plaintiff must also show he did nothing to cause the conflicting claims or to give rise to the peril of double vexation. Paul v. Harold-Davis, Inc., 1945, 155 Fla. 538, 20 So.2d 795.”
See 18 Fla.Jur., Interpleader, § 18.
In the case sub judice the plaintiff, Palermo, alleged, inter alia, that he received the sum of $5,000.00 from the seller; that Al Ro demanded the entire $5,000.00, claiming that Chase was not entitled to any part of said sums; that because of the prior agreement reached between the claimants with regard to the commission, Palermo declined to surrender the said $5,000.00; that Palermo had been unable to get the claimants to agree on what disposition he should make of the funds; that Palermo was an innocent stakeholder; that no action on his part had caused the conflict to arise and that he was in peril of double vexation solely because of the fact of the deposit of the aforesaid funds with him.
Palermo, the stakeholder, testified that he had no knowledge that there had been any conditions put on the payment of a commission to Chase until almost a year after the agreement had been made when he received the $5,000.00 from the seller and Al Ro demanded the entire amount.
We hold that the lower Court was correct in holding that it did, and that the Court properly allowed attorney’s fees and costs to Palermo and assessed them against Al Ro.
Affirmed.
HOBSON, C. J., and MANN, J., concur.