322 So.2d 71 (1975)
J. William WOLF et al., Appellants,
v.
Mallory H. HORTON, As Receiver for Industrial Guaranty Bancorp, et al., Appellees.
Nos. 75-20, 75-21.
District Court of Appeal of Florida, Third District.
October 28, 1975.
Rehearing Denied December 3, 1975.
Order Enforcing Mandate February 6, 1976.
Heiman & Heiman, and Judith H. Hayes, Miami, for appellants.
Gunn, Venney & Buhler, Miami, Frank, Strelkow & Gay, Miami Beach, for appellees.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
*72 PER CURIAM.
This is the consolidation of an appeal and an interlocutory appeal by defendants, J. William Wolf, Pearl M. Wolf, Fred B. Wolf, Sylvia S. Wolf, Allan M. Wolf, Frederick Frankel, Gerald Kasher, Anne Schulman, Bertha Schulman and Ida G. Cohen, and joined by the plaintiff, Mallory H. Horton, as receiver of Industrial Guaranty Bancorp. The appellants seek review of an order awarding attorneys fees and costs to Frank, Strelkow & Gay, the appellees, for services rendered in an action based on a petition for interpleader in the Dade County Circuit Court filed on behalf of Industrial Guaranty Bancorp. The petition for interpleader was filed before Horton was appointed receiver by the federal court.
We have carefully studied the record of this complex litigation involving in excess of thirty-five named parties, and it is our conclusion that the order awarding attorneys fees must be reversed on several grounds.
First, it was the attorneys themselves and not the client, who sought the fees. The attorneys are not entitled to a direct award of attorneys fees. Rather, attorneys fees are to be claimed by, and awarded to, the interpleading party on behalf of his attorney. This is set out in 18A Fla.Jur., Interpleader § 21, as follows:
Where interpleader is sought by a comfiled in good faith, the complainant is entitled to his costs from the fund held by him. And where the complainant is in no sense responsible for the controversy necessitating the interpleader suit, is free from fraud, reaps no benefit whatever from the result of litigation, is solely interested in distributing the fund, and is merely a disinterested stakeholder, a judgment awarding attorneys' fees to him is proper .. . (emphasis added)
Where interpleader is sought by a complainant for his own protection, he is not entitled to either costs or attorneys' fees. So, where the party seeking interpleader is not a disinterested party or an innocent stakeholder, he is not entitled to recover attorneys' fees. And a plaintiff in an interpleader proceeding is not entitled to attorney's fees where the bill of interpleader is brought by him after the filing of a suit against him by one of the defendants in the interpleader proceedings."
The attorneys, then, do not qualify under this rule of law. The complainant was Industrial Guaranty Bancorp, not the attorneys. Therefore, any award of attorneys fees would be to Industrial Guaranty Bancorp, the original plaintiff, or its successor, the receiver for Industrial Guaranty Bancorp. The receiver, however, did not apply for any award and, in fact, opposed the award in the trial court as well as here. An attorney's right to fees, if such are awardable to a party, is merely derivative from the party's right, and the party's attorney has no right and no standing to request fees in opposition to his client's wishes. Compare Hope v. Lipkin, Fla.App. 1963, 156 So.2d 659; Simkins v. Simkins, Fla.App. 1971, 249 So.2d 444. The attorney's duty is to represent his client and not his own interest and he cannot, contrary to his client's wishes, attempt to recover a fee for himself in the same action in which he performed services for that client. See, for example, United States Savings Bank v. Pittman, 1920, 80 Fla. 423, 86 So. 567.
Second, this case did not proceed to a final judgment in interpleader, or to any final judgment. The interpleader action was voluntarily dismissed by the receiver since the matter was pending in the federal district court, which had assumed to take exclusive jurisdiction of the entire cause, including the res. The attorneys themselves then successfully moved the Dade County trial court to vacate the dimissal entered by the receiver, and filed a claim for attorneys fees which was granted while the cause was also pending in the federal court.
Third, assuming that this is a true interpleader action, it is not necessary that in every interpleader action the court award attorneys fees to the interpleading plaintiff. Ellison v. Riddle, Fla.App. 1964, *73 166 So.2d 840, 841. In order to be entitled to such an award, a plaintiff must prove his total disinterest in the stake he holds other than that of bringing it into court so that conflicting claims thereto can be judicially determined. The plaintiff must also show that he did nothing to cause the conflicting claims or to give rise to the peril of double vexation. Ellison v. Riddle, supra. See also Davis v. Davis, Fla.App. 1974, 301 So.2d 154, 157. It does not appear from the record on appeal that these elements have been proven.
For the reasons stated and on the authorities cited, the order awarding attorneys fees is reversed.
Reversed.

ORDER ENFORCING MANDATE
PER CURIAM.
On consideration of the appellees' motion to enforce the mandate of this court wherein it appears that the trial court failed to follow the dictates of such mandate and pursuant to the power of this court to enforce its mandate, the trial court's order, dated December 2, 1974, awarding attorneys fees and costs be and the same is hereby vacated and the cause is dismissed without prejudice.
It is so ordered.