SMITH, Judge.
This is an appeal and cross appeal from a final judgment in an interpleader action. We reverse on the issue raised on appeal, but find the issues raised in the cross appeal are without merit.
In April 1987, Mr. and Mrs. Stortz executed a real estate contract as purchasers of a home owned by Ronald and Margaret Colella, together with an early occupancy agreement. Pursuant to those contracts, the Stortzes made a deposit of $2,000.00 which was placed in escrow with ERA Me-trorealty, Inc. When the parties were unable to close on the property, through no fault of the Stortzes, Mr. and Mrs. Stortz demanded the return of their deposit in full. Ronald Colella, however, claimed entitlement to at least a portion of the deposit and refused to allow ERA Metrorealty to return any portion of the binder. In November 1987, ERA filed a complaint for an interpleader action naming the Colellas and the Stortzes as defendants. Ronald Colella answered raising an affirmative defense, but Margaret Colella answered separately disclaiming any entitlement to the deposit. Harrison and Irene Stortz filed an answer, and they also filed two cross claims against Ronald Colella alleging, in part, entitlement to the full $2,000.00 deposit. They also sought court costs and attorney fees and reimbursement for all costs and fees awarded to ERA Metrorealty out of the interpled fund. Ronald Colella filed cross claims against Margaret Colella and the Stortzes, and a counterclaim against ERA Metrorealty.
In August 1988, the parties entered into a written stipulation in which Ronald Colel-la agreed to withdraw his demand for all or any portion of the deposit and agreed to an order returning the deposit in full to Mr. and Mrs. Stortz. Ronald Colella further agreed to dismiss his cross claim against Mr. and Mrs. Stortz. In return, Mr. and Mrs. Stortz agreed to dismiss one of their cross claims, but the cross claim for return of their deposit remained. The stipulation provided further that the trial court was to determine whether Harrison and Irene Stortz and/or ERA Metrorealty were entitled to recover costs and attorney fees and the amount thereof.
In November 1988, the trial court entered á final judgment awarding $1,452.23 in attorney fees and $71.00 in court costs to ERA Metrorealty. These funds were paid out of the interpled fund of $2,000.00. The final judgment directed the clerk of the court to disburse the balance of that fund, $476.77, to Mr. and Mrs. Stortz. Final judgment was also entered in favor of Harrison and Irene Stortz finding that they were the prevailing parties on their cross claim against Ronald Colella; attorney fees of $2,900.00 plus $84.00 in court costs were awarded to the Stortzes on that cross *1181 claim. The trial court, however, refused to require reimbursement by Ronald Colella for court costs and attorney, fees awarded to ERA Metrorealty out of the interpled fund.
On appeal, the Stortzes argue that the trial court’s failure to tax costs and attorney fees against Ronald Colella was based on the erroneous assumption that there was no legal authority to require an unsuccessful claimant in an interpleader action to reimburse the successful claimant or the fund deposited in the court registry. Mr. and Mrs. Stortz argue that there is in fact ample authority for an order of reimbursement by a nonprevailing claimant so as not to diminish the funds successfully recovered. We agree.
It is well established that an unsuccessful claimant may be required to reimburse the interpled fund so as to not diminish the funds successfully recovered. Brown v. Marsh, 98 Fla. 253, 123 So. 762 (1929); Lucco v. Treadwell, 127 So.2d 461 (Fla. 2d DCA 1961); Al Ro, Inc. v. Palermo, 230 So.2d 57 (Fla. 2d DCA 1970); DeGarcia v. Seiglie, 230 So.2d 37 (Fla. 4th DCA 1970). In this case, the trial court abused its discretion in not granting the Stortzes’ motion to compel Ronald Colella to reimburse the interpled fund so the Stortzes could recover the $2,000.00 deposit in full. Despite the fact that Ronald Colella later agreed to withdraw his claim to any portion of the interpled fund, he is nonetheless an unsuccessful claimant, whose unwarranted claim to a portion of the fund and refusal to allow payment to the Stortzes in the first instance precipitated this needless litigation. Accordingly, that portion of the final judgment denying the Stortzes’ demand for reimbursement by Ronald Colella of the attorney’s fees and costs awarded to Me-trorealty .is reversed.
REVERSED and REMANDED for proceedings consistent with this opinion.
THOMPSON and MINER, JJ., concur.